Clare J. Hoyt, J.
Plaintiff proceeding by order to show cause seeks to punish the defendants for criminal contempt pursuant *614 to section 750 of the Judiciary Law and section 211 of the Civil Service Law (Taylor Act) for the alleged willful disobedience to an order of the court, a temporary restraining order enjoining defendants from .striking and causing and inducing other employees to strike or engage in picketing.
Defendants cross-move to vacate the order to show cause or the execution thereof pursuant to CPLR 5015 (subd. [a], par. 4) on several grounds, jurisdictional ones and the claimed unconstitutionality of article 14 of the Civil Service Law (Taylor Act). The constitutional questions are not reached since jurisdictional defects in the proceeding warrant vacating the order.
The order to show cause was granted upon a petition executed by the attorney for the plaintiff who describes himself in the petition as ‘ ‘ Attorney and Chief Legal Officer of the City School District of New Rochelle, N. Y.” and by the Superintendent of Schools and Chief Executive Officer of the City School District of New Rochelle, N. Y.
Defendants contend the petition and order to show cause to be ineffective for noncompliance with .section 211 and subdivision 4 of section 201 of the Civil Service Law. The former section provides: “If an order of the court enjoining or restraining such violation does not receive compliance, such chief legal officer shall forthwith apply to the supreme court to punish such violation under section seven hundred fifty of the judiciary law. ’ ’
The “ chief legal officer ” referred to in that section is clearly defined in .subdivision 4 of section 201 of the Civil Service Law as ‘ ‘ the corporation counsel of the city in which such government or public employer has its principal office ”. The government or public employer therein referred to is any government or public employer other than this State, a State public authority, county, city, town or village, for whom the chief legal officer is specifically identified.
Failure to comply with this provision mandates granting the relief sought by the defendants in this criminal contempt proceeding which must be construed strictissimi juris. (22 CarmodyWait 2d, New York Practice, § 140:4.)
The difficult position of plaintiff in this proceeding is recognized. Doubt had arisen as to the meaning of the sections of the Civil Service Law above mentioned, and whether plaintiff’s attorney could apply to the Supreme Court to punish persons failing to comply with a court order restraining or enjoining violations. Accordingly, a request was directed to the City Manager of the City of New Rochelle by plaintiff requesting *615 that the Corporation Counsel deputize the school attorney to institute the proceeding. We need not determine whether such authorization if made would have been effective. It was not made. The City of New Rochelle Corporation Counsel advised plaintiff that the school attorney was “ the proper chief legal officer to represent the School Board ”. The plaintiff thereupon undertook the proceeding with its own attorney. .
Where the language of the statute is clear as here, legislative intent is not needed to resolve an ambiguity.