James P. O’Donnell, J.
The above matter has been brought on before this court by a show cause order seeking to have the defendant, Utica Teachers Association, adjudged guilty of criminal contempt of court in violation of an order of the Supreme Court, signed by the Hon. John Tenney on October 6, 1971. A companion show cause order was brought on at the return date of the first motion seeking to have the injunction vacated on the part of the defendant, Teachers Association.
The action comes before this court as a result of an alleged illegal strike by the Utica Teachers Association against the Board of Education of the Utica City School District in violation of section 210 of the Civil Service Law (the Taylor Law). The school board, when a strike was threatened by the Utica Teachers Assciation, moved before Mr. Justice Tenney, pursuant to section 211 of the Civil Service Law, seeking injunctive relief. The statute reads that where public employees or an employee organization threaten or are about to do, or are doing any act in violation of section 210 of the Civil Service Law, the chief executive officer of the government involved *771 shall notify the chief legal officer to move before the Supreme Court for an injunction against such violation. If the order of a court enjoining or restraining such violation does not receive compliance, the chief legal officer shall forthwith apply to Supreme Court to punish such violation under section 750 of the Judiciary Law. It appears in the original injunction that the school board prepared the necessary summons and complaint for a permanent injunction, supplied the necessary affidavits showing that a strike was imminent so far as the Teachers Association was concerned and presented an order to Supreme Court; incorporated in the order were certain acts which were to be restrained and enjoined. It is urged by the defendants that the alleged injunction is null and void in that the school board did not comply with CPLB. 6301 in moving for a preliminary injunction and temporary restraining order. In examining the original order, it appears to be a restraining order, but there was no mention of a return date nor that notice of application for a preliminary injunction was served upon the Teachers Association nor their officers.
In all reported cases that the court is apprised of, the procedure is for the school board to move for a preliminary injunction and at the time of moving for a preliminary injunction, they may obtain an ex parte temporary restraining order ancillary to their action. (Matter of State of New York v. Fuller, 31 A D 2d 71.) The power to issue temporary injunction is granted by the Legislature and is not inherently part of the jurisdiction of the court of equity, and hence the Legislature may impose restrictions on the exercise of that power. (People ex rel. Sandnes v. Sheriff of Kings County, 164 Misc. 355; Kleinman v. Kleinman, 283 App. Div. 1063.) CPLB 6301 spells out the grounds for moving for a preliminary injunction and the last sentence of the statute states, 11A temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears that immediate and irreparable injury ” etc. (Matter of State of New York v. Fuller, supra.) CPLR 6311 states “ A preliminary injunction may be granted only upon notice to the defendant ”. The court is not going to delve into the constitutional questions involved here, since there might be a question of due process by reason of not giving notice to the defendants when the school board moved for an injunction. There appear to be jurisdictional defects in the proceeding to warrant vacating the order.
Failure to comply with the provisions mandates granting relief sought by the defendants in this criminal contempt pro *772 eeeding and which must be construed strictissimi juris. (City School Dist. of New Rochelle v. Zeluck, 63 Misc 2d 613.)
Although this court cannot condone an illegal strike as set forth in section 210 of the Civil Service Law and open and notorious defiance and flouting mandates of this court, nevertheless the defendants are entitled to strict construction of the law, in spite of their own activities. Plaintiff’s motion for contempt is denied. Defendants’ motion to vacate the injunction of October 6, 1971 is granted. Since the court has been apprised that the strike is now over, and the teachers are back in the classrooms teaching, defendants’ motion to dismiss the action for a permanent injunction be and hereby is granted.