(February 16, 1990)

■ In the Matter of SCHENECTADY POLICE BENEVOLENT ASSOCIATION, Respondent, v CITY OF SCHENECTADY, Appellant.— Mahoney, P. J.

On December 5, 1988, it was reported that $10,000 was missing from the files of the Vice and Intelligence Unit of respondent's police department. Upon learning that respondent intended to require two police officers to submit to

polygraph examinations,* petitioner filed an improper practice charge with the State Public Employment Relations Board (hereinafter PERB), alleging that respondent's intent to unilaterally impose polygraph testing was violative of Civil Service Law § 209-a (1) (e) as an improper practice.

Before this charge was heard, petitioner initiated the instant CPLR article 78 proceeding to enjoin and prohibit respondent from ordering the officers to submit to polygraph examinations pending a determination by PERB. By order to show cause, respondent sought to dismiss the petition on the ground that the relief sought was not authorized under either CPLR articles 63 or 78. Supreme Court denied respondent's motion to dismiss the petition and granted petitioner's application. Respondent filed this appeal and indicated that, in reliance upon its statutory stay pursuant to CPLR 5519 (a) (1), it intended to require the polygraph examinations to be taken. This court granted petitioner's motion to vacate the statutory stay.

Although petitioner's reliance on CPLR article 78 in the nature of prohibition is misguided, we nonetheless believe that Supreme Court properly granted the injunction. Prohibition is traditionally available only to prohibit a judicial or quasi-judicial body or officer from acting outside its jurisdiction (see, e.g., Matter of Schumer v Holtzman, 60 NY2d 46, 51), which is not the case here. There is, however, a recognized cause of action for an injunction (see, 67 NY Jur 2d, Injunctions, § 152 et seq., at 582 et seq.), which provides the basis for the relief granted by Supreme Court. Indeed, in Buffalo Police Benevolent Assn. v City of Buffalo (79 AD2d 186, 190), the court recognized a cause of action for an injunction against the respondent's practice while the PERB proceeding was pending but determined that no showing had been made to support the injunction. As Supreme Court noted, "This is not the case here." But for the injunction, respondent would administer the polygraph, petitioner would have no relief and the PERB matter would be ineffectual. Under such circumstances, we invoke our authority to convert this proceeding to an action for an injunction (CPLR 103 [c]) and approve the granting of the injunction.

Judgment modified, on the law, with costs to petitioner, by converting the proceeding to an action for an injunction, and,

---

* We are advised that one of the two police officers has since retired so that the parties have no authority over him.

as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.