OPINION OF THE COURT
Titone, J.
At issue in this appeal is the power of the Supreme Court to grant injunctive relief as a means of preserving the status quo during the pendency of an improper labor practice proceeding before the New York City Board of Collective Bargaining. The courts below concluded that the Supreme Court has no such power, and we agree. Accordingly, plaintiffs complaint, which sought such relief, was properly dismissed.
The parties’ dispute began on November 26, 1990 with *238 defendants’ issuance of an intradepartmental order changing the classification of a position within the New York City Fire Department from "full duty” to "light duty” effective January 1, 1991. Contending that the reclassification would have a negative practical impact on the safety of its members, plaintiff, the uniformed firefighters’ collective bargaining agent, filed petitions for relief with the New York City Board of Collective Bargaining (the Board), the agency charged with overseeing labor relations between the City and its employees (Administrative Code of City of New York § 12-309). Specifically, plaintiff alleged that the challenged order represented an improper labor practice and that it ought to be rescinded so that the matter could be resolved through the collective bargaining process (see, id,., §§ 12-306,12-307).
Shortly after filing its petitions, plaintiff commenced the present action in Supreme Court seeking an order enjoining defendants from implementing their new policy "pending a determination by [the Board] of the merits of [plaintiff’s] improper practice * * * and scope of bargaining petition[s].” Plaintiff, alleged that such relief was necessary because "[t]he [Board’s] processing of the * * * petitions can take many months,” implementation of the new policy was imminent and if injunctive relief were not granted, the safety of New York City’s firefighters would be placed in jeopardy, rendering any subsequent order of the Board "ineffectual.”[1]
On the parties’ cross motions, the trial court dismissed the complaint, holding that it had no subject matter jurisdiction to entertain plaintiff’s request for relief. In support of that conclusion, the court relied on two recent Appellate Division decisions (Matter of Caruso v Ward, 146 AD2d 486; Buffalo Police Benevolent Assn. v City of Buffalo, 79 AD2d 186) and distinguished a third (Matter of Schenectady Police Benevolent Assn. v City of Schenectady, 158 AD2d 849). The Appellate Division affirmed the trial court’s ruling on the ground that there was no underlying action to support the issuance of a preliminary injunction. This Court subsequently granted defendants leave to take a further appeal.
Regardless of how its complaint is framed, the ultimate *239 relief plaintiff seeks in this action is relief in the nature of a preliminary injunction. The purpose of plaintiff’s Supreme Court action is not to obtain a final adjudication on the merits of its dispute with defendants, but rather to preserve the status quo until that dispute can be resolved through the Board’s adjudicative process. Indeed, plaintiff’s aim could not be otherwise, since that administrative agency has primary jurisdiction over this dispute about whether plaintiff’s and its members’ rights under Administrative Code §§ 12-306 and 12-307 have been violated (see, Administrative Code §§ 12-308). Thus, the threshold question for us to resolve is whether the Supreme Court has the authority to grant such relief.
The most obvious source of authority for granting preliminary injunctive relief is CPLR 6301, the basic statutory vehicle for preserving the status quo during the pendency of civil litigation. That statute, however, provides no assistance to plaintiff in this case, because it authorizes the issuance of a preliminary injunction only within an "action,” i.e., a judicial suit brought to obtain an adjudication of the merits of, and a substantive remedy for, a particular dispute. Since there is no such judicial action pending between the parties here, a preliminary injunction pursuant to CPLR 6301 is unavailable (see, Buffalo Police Benevolent Assn. v City of Buffalo, supra, at 190).
It remains to be determined whether there is anything in the Supreme Court’s inherent powers that could serve as a source of authority for granting a preliminary injunction in connection with a pending administrative proceeding. As a general rule, the courts of this State have "no inherent absolute power to grant interlocutory injunctions” and may not do so in the absence of an authorizing statute (see, Bachman v Harrington, 184 NY 458, 462 [and cases cited therein]; Matter of Board of Educ. v Lewis, 67 Misc 2d 770; 7A Weinstein-Kom-Miller, NY Civ Prac 6301.05, at 63-13, 63-14). On a few rare occasions, courts have carved out exceptions to this general rule where necessary to protect the court’s jurisdiction or to prevent an action that would frustrate its final determination (Matter of Ohrbach v Kirkeby, 3 AD2d 269 [Breitel, J.]; accord, Ocorr v Lynn, 105 Misc 489, affd 190 App Div 927; see also, Woerishoffer v North Riv. Constr. Co., 99 NY 398). However, with one anomaly which will be discussed below, none have held that preliminary injunctive relief is available when the underlying dispute itself has not been, and will not be, placed before the court for final resolution.
*240 The anomalous case, on which plaintiff relies, also arose in the context of a public sector labor dispute that was pending before an administrative agency (PERB) (Matter of Schenectady Police Benevolent Assn. v City of Schenectady, 158 AD2d 849, supra). In Schenectady, the court provisionally enjoined an employer from compelling an employee to take a lie detector test until PERB could resolve the merits of the underlying dispute over the lie detector test because the alternative — permitting the test to go forward — would have rendered PERB’s ultimate determination moot.
The circumstances in this case are significantly different, in that the activity plaintiff here seeks to restrain is a continuing one and, consequently, there is no risk of a mootness problem even if provisional relief is not afforded. However, even if that distinction did not exist, plaintiff could not prevail, since, for the reasons that follow, we decline to adopt the premise on which the Schenectady decision was based, i.e., that courts have "inherent authority” to issue preliminary injunctions either to protect the jurisdiction of an administrative agency adjudicating a dispute or to prevent actions which could render the agency’s determination moot.[2]
*241 First, because preliminary injunctions prevent the litigants from taking actions that they are otherwise legally entitled to take in advance of an adjudication on the merits, they should be issued cautiously and in accordance with appropriate procedural safeguards (see, e.g., Town of Porter v Chem-Trol Pollution Servs., 60 AD2d 987; Camardo v Board of Educ., 50 AD2d 1073; see also, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6301:1, at 209 [preliminary injunctions are “drastic” remedies]). For cases involving preliminary injunctions to be issued pursuant to CPLR 6301, the Legislature has provided for a number of specific safeguards (CPLR 6312 [b] [requiring the posting of an undertaking]; 6315 [establishing a procedure for assessment of “damages sustained * * * by reason of the preliminary injunction”]). Similarly, the Legislature has placed elaborate restrictions on the use of preliminary injunctions in private sector labor disputes (Labor Law § 807). Since such specific provisions would not apply to preliminary injunctions issued pursuant to the court’s “inherent authority,” the courts would have to undertake to fashion a new set of procedural rules and safeguards of their own to govern applications such as plaintiff’s. This would be an undesirable outcome, since, as we have noted in a different context, “establishing appropriate standards and procedures” is a task best left to statutes and rules rather than to ad hoc judicial decision-making (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 6).
Second, and even more importantly, permitting courts to grant preliminary injunctive relief in public sector labor disputes pending before the Board or PERB would have the undesirable effect of embroiling the courts in the merits of such disputes, a matter best left to the “impartial body with expertise in th[at] area” (see, Matter of Levitt v Board of Collective Bargaining, 79 NY2d 120, 128; Matter of Board of Educ. v New York State Pub. Employment Relations Bd., 75 NY2d 660, 666). Such judicial involvement in the merits of the dispute would necessarily occur because a determination as to whether a preliminary injunction should be issued necessarily entails an inquiry into the likelihood of the applicant’s ultimate success on the merits (see, e.g., Aetna Ins. Co. v Capasso, 75 NY2d 860; see also, McLaughlin, op. cit., at 208). And, such involvement would be highly undesirable because it would plainly be inconsistent with the basic purposes of the doctrine of primary jurisdiction: to "co-ordinate the relationship between courts and administrative agencies” and to give the *242 principal responsibility for adjudicating the merits of disputes requiring special competence to the agency with the necessary expertise (Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22; cf., Flacke v Onondaga Landfill Sys., 69 NY2d 355, 362-363). Indeed, early judicial assessment of the merits in public sector labor disputes would be particularly inappropriate because such disputes often require "a balancing of the interests” and an evaluation of subtle questions for which "[n]o litmus test has yet been devised” in an area where the courts have little experience or expertise (Matter of Levitt v Board of Collective Bargaining, supra, at 127).
Finally, to the extent that the absence of a provisional remedy in these circumstances constitutes a potential gap in the law, we conclude that a legislative solution is preferable to one based on ill-defined notions of "inherent” judicial authority. In general, prescribing the procedures for practice in our courts has been considered a legislative function, except, perhaps, where "the inherent nature of the judicial function” is implicated (Matter of A. G. Ship Maintenance Corp. v Lezak, supra, at 4-5). Whether, as a matter of public policy, interim injunctive relief should be available in public sector labor disputes such as this one is a choice that ought to be made by the Legislature (cf., Labor Law § 807; see also, Buffalo Police Benevolent Assn. v City of Buffalo, supra, at 189-190).
Indeed, with respect to the specific question of interim judicial relief pending disposition of an administrative proceeding, the Legislature has in the past made specific provision therefor when it determined that such relief should, in fact, be available (see, Executive Law § 297 [6] [authorizing issuance of provisional relief where the respondent in a Human Rights Division proceeding "is doing * * * any act tending to render ineffectual any order the commissioner may (subsequently) enter”]). Significantly, consistent with the policies underlying the doctrine of primary jurisdiction, the above-cited provisions for judicial intervention contemplate that the application for relief will be made to the court by the agency charged with administering the relevant statutory provisions, rather than by the litigants themselves.
In sum, in the absence of some statutory authority, the courts have no power to issue preliminary injunctions to preserve the status quo during the pendency of a proceeding before the Board involving a dispute concerning an alleged *243 improper labor practice or the scope of collective bargaining. Since no such statutory authority exists in this instance, plaintiffs complaint seeking such relief was properly dismissed.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part. Order affirmed, with costs.

. In fact, in an interim decision not issued until April 1991, the Board determined that it was unable to dispose of the controversy on the basis of the papers before it, since there were issues of fact that could only be resolved after a plenary hearing. Rejecting a specific request by plaintiff for immediate relief, the Board also concluded that it had no authority to direct the suspension of the disputed order during the pendency of the proceeding.

. The Schenectady court relied, in part, on Buffalo Police Benevolent Assn. v City of Buffalo, supra), in which the court held that a preliminary injunction is not available to restrain a challenged labor practice during the pendency of an underlying PERB proceeding concerning that practice. The Buffalo court stated: "Where jurisdiction of a labor relations board has been invoked, no action in equity should be entertained which would disturb or interfere with the subject matter of the proceeding before or within the jurisdiction of the board, unless an ancillary action is necessary to protect the jurisdiction of the board * * *, or the board is not vested with the general power to grant the relief sought” (id., at 190 [emphasis added]). However, contrary to the Schenectady court’s conclusion, the italicized dictum from Buffalo, when viewed in context, does not provide authority for the proposition that there are circumstances in which a court may grant preliminary injunctive relief when no substantive aspects of the dispute have been placed before it. In positing that there are limited circumstances in which an "action in equity” may be entertained, the Buffalo court cited Matter of Zuckerman v Board of Educ. (44 NY2d 336) and Matter of Jefferson County Bd. of Supervisors v New York State Pub. Employment Relations Bd. (36 NY2d 534), both of which concerned the courts’ power to entertain separate plenary actions for substantive remedies that were beyond the scope of PERB’s statutory authority. The other case cited in Buffalo Domanick v Triboro Coach Corp. (259 App Div 657, 659-660), merely referred, again in dictum, to the availability of an "ancillary action” to protect "a res which may be endangered by the acts sought to be enjoined.” It is thus apparent that the exception to the prohibition against "actionfs] in equity” that the Buffalo court envisioned did not encompass such piecemeal litigation as a judicial action seeking only provisional procedural relief.