■ JOSEPH M. MCMANUS, Appellant, v NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION et al., Respondents. [619

NYS2d 45] —Order, Supreme Court, New York County (Lewis R. Friedman, J.), entered on or about June 16, 1993, which, in a proceeding pursuant to CPLR article 78 seeking (1) a stay of the decision and order of the Board of Collective Bargaining (BCB) of April 28, 1993, (2) a trial of the petitioner's improper practice claims which are currently before the BCB, (3) and other declaratory relief, dismissed the petition for lack of subject matter jurisdiction, unanimously affirmed, without costs.

The Board of Collective Bargaining has exclusive jurisdiction to control its proceedings and thus, stay the improper practices claim pending final resolution of the disciplinary charges *(see, Uniformed Firefighters Assn. v City of New York,* 79 NY2d 236). We also note that petitioner is bound by the collective bargaining agreement to arbitrate disciplinary matters (Administrative Code of City of NY § 12-302), and that prior to such arbitration the courts lack subject matter jurisdiction to intervene.

However, subsequent to the exhaustion of the arbitral and administrative processes, petitioner may proceed pursuant to CPLR articles 75 and 78 if so advised. Concur—Ellerin, J. P., Kupferman, Williams and Tom, JJ.