■ In the Matter of JOSEPH V. TOAL et al., Petitioners, v MALCOLM D. MACDONALD, as Chair of the Board of Collective Bargaining, et al., Respondents. [627 NYS2d 372] —Decision after

hearing of the New York City Board of Collective Bargaining ("the Board"), dated October 19, 1993, which denied the scope of bargaining petitions filed on December 18, 1990 and January 11, 1991, respectively, by the Sergeants Benevolent Association and the Lieutenants Benevolent Association ("petitioners"), unanimously confirmed, the petitions denied, and the consolidated proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan B. Lobis, J.], entered February 22, 1994) is dismissed, without costs.

The determination of the Board finding that the purported changed circumstances between Operations Order No. 49 (1981) and Operations Order No. 118 (1991) advanced by the petitioners, including, *inter alia*, the rising level of crime, the City's changing demographics, precinct boundaries, defective portable radios, and stress derived from additional solo patrol responsibilities, did not rise to the level of rendering the solo supervisor patrol program unsafe, was, on the facts, rationally based and supported by substantial evidence (*Uniformed Firefighters Assn. v City of New York*, 79 NY2d 236, 241-242; *Matter of Levitt v Board of Collective Bargaining*, 79 NY2d 120, 128). We have reviewed the petitioners' remaining claims and find them to be without merit. Concur—Rubin, J. P., Kupferman, Asch and Tom, JJ.