*397 OPINION OF THE COURT
Debra A. James, J.
By show cause order, signed by Judge Lewis B. Stone on April 10, 2003,* petitioner John Anthony (petitioner), a New York City police officer, and petitioner Patrolmen’s Benevolent Association of the City of New York (PBA) seek a preliminary injunction compelling respondent, the City of New York, via its Police Department and Police Commissioner, to rescind petitioner’s transfer from the 50th Precinct, pending a determination on their unfair labor charge filed with petitioner New York City Board of Collective Bargaining (the Board). Petitioner and the PBA, the designated collective bargaining agent for more than 23,000 New York City Police Department (NYPD) officers, challenge the transfers as illegal retaliation for petitioner’s union activities and allege violations of Civil Service Law § 200 et seq. (the Taylor Law).
Petitioner was appointed a NYPD officer on July 15, 1986. On November 27, 2000, he was appointed PBA delegate to the 50th Precinct, Bronx County. Having responsibilities akin to a private sector shop steward, a PBA delegate represents members during departmental investigations, advises members of their rights under collective bargaining laws and departmental policies and procedures, updates members on union business and in general, advocates for the protection of members’ rights. At the time of his transfer, petitioner was the only PBA delegate assigned to the 50th Precinct 4:00 p.m. to 12:00 a.m. tour of duty.
In the upcoming June 2003 PBA elections, petitioner is a candidate for the citywide position of Bronx Trustee, one of 27 members of the PBA Board of Directors. On February 24, 2003, he was placed on a ticket to run with current PBA President Patrick Lynch. One day later, on February 25, 2003, respondent transferred petitioner out of the 50th Precinct, Bronx, to the 106th Precinct, Patrol Bureau, Queens North.
Petitioners characterize their application as urgent in that PBA members will cast their ballots for Bronx Trustee in late May 2003. They argue that petitioner’s transfer prevents him *398 from effectively campaigning for that position and from meaningfully servicing the members of the 50th Precinct.
Subsequent to that transfer, petitioner was suspended as the result of an off-duty incident at the 50th Precinct. On March 14, 2003, he was placed on modified duty and assigned to the Quartermaster Division at an NYPD warehouse in Queens, New York.
On April 14, 2003, subsequent to the signing of the show cause order, petitioner was reassigned from the Quartermaster Division to the Bronx County Detective Bureau.
In its unfair labor charge filed with the Board, the PBA contends that in transferring petitioner respondent violated section 12-306 of the Administrative Code of the City of New York which makes it an improper practice to interfere with, restrain or coerce public employees in the exercise of their rights to, inter alia, organize and to form, join or assist public employee organizations, or to dominate or interfere with the formation or administration of any public employee organization. Pursuant to Taylor Law § 209-a (5) (a), the PBA sought Board authority to petition the Supreme Court for a preliminary injunction, pending a decision on the merits by the Board.
On April 2, 2003, by notice of determination, the Board decided that pursuant to section 209-a (5) (a) of the Taylor Law “there was reasonable cause to believe an unfair labor practice has occurred and that immediate and irreparable injury will result, rendering a resulting judgment on the merits ineffectual, necessitating the maintenance of or return to the status quo to provide meaningful relief.” The notice of determination stated that:
“The petitioner is authorized to seek injunctive relief in the Supreme Court, New York County, as provided in Civil Service Law § 209-a(5), concerning Police Officer Anthony’s transfer on February 25, 2003, from the 50th Precinct in the Bronx to Queens, which was predicated on an NYPD memorandum requesting ‘that the officer be transferred immediately, based on the fact that he is a PBA Delegate with influence over the other officers in his command, which he uses negatively.’ ”
However, the Board denied the PBA’s request insofar as it sought injunctive relief for Police Officer Anthony’s March 1, 2003 suspension, which ended on March 14, 2003.
The circumstances of petitioner’s suspension postdate his initial transfer to the 106th Precinct. Having been charged *399 with being insubordinate and discourteous to a supervisor at the 50th Precinct, where he returned two days after his transfer to the 106th Precinct in order to carry out union responsibilities while off duty, petitioner was suspended for two weeks and placed on modified assignment, effective March 1, 2003. A police officer on modified duty earns full salary and benefits, but cannot carry any firearm, perform patrol functions or take “police actions.” Upon completion of the suspension, on March 14, 2003, petitioner was transferred from the 106th Precinct to the Quartermaster Division in Queens to carry out his modified assignment, pending resolution of the disciplinary charges.
On April 14, 2003, respondent transferred petitioner to the Detective Bureau, which is located in the Bronx, the county of the 50th Precinct, where he continues his modified assignment.
The Court of Appeals in Uniformed Firefighters Assn. of Greater N.Y. v City of New York (79 NY2d 236 [1992]) held that in the absence of statutory authority, the courts have no power to issue preliminary injunctions to preserve the status quo during the pendency of a proceeding before the New York City Board of Collective Bargaining involving a dispute concerning an alleged improper labor practice. The legislative authority that the Court of Appeals found lacking in Uniformed Firefighters Assn. (supra) was supplied by amendments to the Taylor Law in the form of Civil Service Law § 209-a (4) and (5), which became effective on January 1, 1995.
Civil Service Law § 209-a (5) (d) provides:
“Injunctive relief may be granted by the court, after hearing all parties, if it determines that there is reasonable cause to believe an improper practice has occurred and that it appears that immediate and irreparable injury, loss or damage will result thereby rendering a resulting judgment on the merits ineffectual necessitating maintenance of, or return to, the status quo to provide meaningful relief.”
Therefore, the court concurs with petitioner that the statutory authority for interim judicial relief in this proceeding eliminates the common-law requirements for preliminary injunctions that pertain to other actions, which include a clear showing of the elements of likelihood of their success on the merits and the balancing of the equities in their favor.
The court’s inquiry begins with consideration of whether there is reasonable cause to believe that an improper practice *400 has occurred. To establish a charge of unfair practice under the Taylor Law, a movant must satisfy a three-pronged test by proving that (1) it was engaged in activities protected by the Taylor Law, (2) the party charged had knowledge and acted because of those activities, and (3) the employee was coerced, restrained, discriminated against, or punished for having engaged in activity that is protected under the Taylor Law. (Matter of Civil Serv. Empls. Assn. v New York State Pub. Empl. Relations Bd., 295 AD2d 668, 669 [3d Dept 2002].)
The court finds that there is reasonable cause to believe an improper practice has occurred. The appellate court in Civil Serv. Empls. (supra), which upheld the determination that the fire district did not commit an improper, unfair employer practice, based that determination on a record that failed to establish, as a matter of law, an evidentiary nexus between the petitioner’s union activity and the decision to terminate. Here, respondent’s own records establish that nexus, in the form of Lieutenant Robert Lee’s memorandum of February 3, 2003 that cites Captain DiRusso’s recommendation that , petitioner be transferred immediately, “based on the fact that he is a PBA Delegate with influence over the other officers in his command, which he uses negatively.”
The language referring to an immediate transfer establishes by respondent’s own words, that the transfer, and certainly the immediate transfer, would not have taken place but for petitioner’s use of his influence as a union delegate. This language also makes clear that respondent intended the transfer to restrain such protected activity.
Likewise here, in contrast with Civil Serv. Empls. (supra), where the Court found no evidence of petitioner’s engaging in any specific union activity occurring during the relevant period, the record at bar contains substantial evidence of specific union activity on petitioner’s part. Indeed, the initial transfer took place the day after petitioner was placed on a slate of candidates to run with the PBA president. Respondent was well aware of petitioner’s union activities, as shown in the memorandum dated November 10, 2002, in which Captain Di-Russo wrote the Special Monitoring Committee Chairman that “Officer Anthony is a PBA delegate in the 50th Precinct, who has stated he plans to run for Bronx Trustee this spring in the citywide PBA Elections.”
Respondents argue that petitioners’ application to this court has been mooted because his current assignment is now within the same borough as the 50th Precinct. This argument is *401 meritless. The ameliorative effects of this recent transfer in no way undercut petitioners’ showing that there is reasonable cause to believe that the February 25, 2003 transfer constituted an unfair labor practice.
Nor does the recent transfer to Bronx County Detective Bureau mitigate the appearance that immediate and irreparable injury will result from petitioner’s transfer out of the 50th Precinct. The court finds that the transfer achieved respondent’s expressed intent to undercut petitioner’s influence over the other officers in his command, which constitutes both an unlawful restraint on petitioner’s union activities and improper domination or interference with the administration of the union. Petitioner’s presence within the borough does not remedy the damage, particularly given his current campaign for Bronx Trustee. His support base would begin in the 50th Precinct whose members he represents as a delegate. His absence from the precinct certainly undermines his ability to represent those members. Irreparable harm will result to his campaign activities since the Board has 60 days from service of this order to render its decision, and should petitioner prevail, the Board would be unable to fashion a remedy that would provide meaningful relief to petitioner with respect to any adverse impact petitioner’s transfer will have on his campaign.
It must be noted that the pending disciplinary proceeding against petitioner is not material to this court’s finding of reasonable cause to believe an improper practice occurred on February 25, 2003. Nor does this decision constitute a review of petitioner’s suspension and modified assignment, which is not before this court.
Based upon the foregoing, it is hereby ordered and adjudged that the petitioners’ application for a preliminary injunction is hereby granted and petitioner, Police Officer John Anthony, shield No. 18212, shall be returned to his command, at the 50th Police Precinct, Bronx County, along with only those duties, responsibilities, rights, and/or benefits of his modified assignment, in effect as of March 14, 2003, pending the final determination of the New York City Board of Collective Bargaining in this matter; and it is further ordered that respondents City of New York and Police Department of the City of New York and its agents and employees and all persons acting in concert with them shall be and hereby are enjoined and restrained from transferring and/or changing the precinct assignment of Police Officer John Anthony, shield No. 18212, from the 50th Police Precinct, pending the final determination *402 of the proceedings in PBA v City of New York (Docket No. BCB-2330-03), commenced before the New York City Board of Collective Bargaining on March 10, 2003; and it is further ordered that the New York City Board of Collective Bargaining shall proceed to consider petitioners’ application by expedited scheduling pursuant to 61 RCNY 1-07 (t).

 By order dated April 14, 2003, Judge Stone, who had set the hearing date on the show cause order for April 14, 2003, requested that the application be transferred to the clerk’s office for random reassignment because the court was “unable due to a current criminal trial to accord the parties an appropriate hearing at this time on days not precluded by religious observance.” The undersigned heard oral argument of all parties on April 14, 2003.