■ BEAL SAVINGS BANK, Appellant, v VIOLA SOMMER et al., Respondents. [815 NYS2d 63]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered December 16, 2005, which, in an action for breach of contract, granted defendants' motion to dismiss the complaint on the basis of documentary evidence, unanimously affirmed, with costs.

Plaintiff alleges that it was the owner of an interest in a $460 million credit facility governed by a credit agreement between a nonparty developer, as borrower, and various financial institutions, including plaintiff, as lenders. Defendants were part of a group of "sponsors" who provided undertakings designed to maintain set financial ratios and other attributes of the borrower. The credit facility was administered by an administrative agent for the lenders. Under the subject keep-well agreement,

each sponsor guaranteed payment, to the administrative agent for the benefit of the lenders, of the borrower's accelerated obligations under the credit agreement. The borrower's obligations were accelerated and plaintiff seeks to enforce defendants' guarantee thereof.

The motion court correctly dismissed the action on the basis of clear and unambiguous language in the loan documents preventing lenders from individually suing sponsors under the keep-well agreement (see *150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 5 [2004]). Paragraph 18 (a) of the keep-well agreement provides that it is "a Loan Document executed pursuant to the Credit Agreement and shall (unless otherwise expressly indicated herein) be construed, administered and applied in accordance with the terms and conditions thereof." It is the credit agreement, not the keep-well agreement, that sets forth the events of default and the procedures for recovering a judgment upon such defaults, including a judgment on the keep-well agreement. Further, the credit agreement authorizes the administrative agent to exercise all rights and remedies at law or in equity at the direction of the "required lenders," defined as a supermajority vote by lenders collectively holding two thirds of the borrower's outstanding debt. This broad grant of authority upon the administrative agent conditioned upon a supermajority vote evinces a clear intention that enforcement of the loan documents, including the keep-well agreement, be collective, and that a minority lender, such as plaintiff, be prohibited from acting unilaterally to recover a judgment. Section 18 (b) of the keep-well agreement, which provides that such agreement "shall inure to the benefit of and be enforceable by the Administrative Agent and each Lender," was properly held by the motion court to be too general to override the express enforcement procedures contained in the credit agreement and the overall scheme of collective enforcement manifested therein (cf. *Credit Francais Intl. v Sociedad Fin. de Comercio*, 128 Misc 2d 564, 580-581 [1985]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Sullivan, Gonzalez and Malone, JJ. [*See* 10 Misc 3d 1062(A), 2005 NY Slip Op 52075(U) (2005).]