## Manorhaven Capital LLC v Marc J. Bern & Partners, LLP

2025 NY Slip Op 33025(U)

August 1, 2025

Supreme Court, New York County

Docket Number: Index No. 654869/2022

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

------------------------------------------------------------------------------------X

MANORHAVEN CAPITAL LLC,

                        Plaintiff,

- v -

MARC J. BERN & PARTNERS, LLP,

                        Defendant.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654869/2022 |
| **MOTION DATE** | 06/18/2025 |
| **MOTION SEQ. NO.** | 018 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 018) 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 297, 298, 299, 300, 301, 302, 303, 304 were read on this motion to/for     INJUNCTION/RESTRAINING ORDER    .

Upon the foregoing documents and as discussed on the record (*tr.* 8.1.25), the motion of the non-parties who allege that they are affiliated with D.E. Shaw & Co., L.P, LJ23 LLC and DELALV Cayman C-1, Ltd. (collectively, **DE Shaw**), to vacate restraining notices served by the Judgment Creditor Plaintiff so that they can pay lawyers to operate the Defendants' business but not to pay their own loan down or to otherwise facilitate a foreclosure sale is DENIED.

Pursuant to CPLR § 5240, "[t]he court *may* at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure" (CPLR § 5240 [emphasis added]).

By way of background, this case involves the Defendants attempt to avoid paying the Judgment Creditor Plaintiff monies due the Judgment Creditor Plaintiff (*Manorhaven Capital LLC v Marc*

**654869/2022   MANORHAVEN CAPITAL LLC vs. MARC J. BERN & PARTNERS, LLP**
**Motion No.  018**

**Page 1 of 6**

1 of 6

*J. Bern & Partners, LLP*, 237 AD3d 641 [1st Dept 2025]). To wit, the Judgment Creditor Plaintiff met its obligations under the agreement with the Defendant with respect to the financing arranged with DE Shaw which DE Shaw had told the Judgement Creditor Plaintiff that it was not going to do with the Defendant (NYSCEF Doc. No. 175 ["DE Shaw is passing."]) but did so anyway during the period in which the agreement with the Judgment Creditor Plaintiff was still in full force and effect.

As previously discussed, the Defendant stiff armed the Judgment Creditor Plaintiff (NYSCEF Doc. No. 178)[1] to avoid paying monies due the Judgment Creditor Plaintiff and concealed that it was going forward with financing with DE Shaw (to cut the Judgment Creditor Plaintiff out despite its obligation to pay the Judgment Creditor Plaintiff in connection with such financing). As discussed above, and previously, DE Shaw had been contacted by the Judgment Creditor Plaintiff about doing the financing that they ultimately did with the Defendant. They told the Judgment Creditor Plaintiff they were not interested in doing the financing with the Defendant. They did it anyway. They never told the Judgment Creditor Plaintiff so that the Judgment Creditor Plaintiff could be paid in connection with the financing at closing. Now, they say their lien is prime to the Judgment and that they can operate the business of the Defendant (including paying unrelated third parties) without paying down their own debt, without foreclosing and without paying the Judgment Creditor Plaintiff the monies owed them either. This is all without a standstill/forbearance agreement.

---

[1] Marc J. Bern wrote: "Gentlemen; Thank you for your time and efforts on my behalf. Fortunately I have secured financing for my firm from a source that was not one that you contacted…" This was just false.

**654869/2022   MANORHAVEN CAPITAL LLC vs. MARC J. BERN & PARTNERS, LLP**          **Page 2 of 6**
**Motion No.  018**

2 of 6

For clarity, on the record before the Court then and now, not only did DE Shaw fail to contact the Judgment Creditor Plaintiff before the closing to say that they changed their mind and they were doing the financing after all so that the Judgment Creditor Plaintiff would be paid at closing but also it appears that DE Shaw is aiding and abetting the Defendant's plan to run the law firm without paying the Judgment Creditor Plaintiff monies due the Judgment Creditor Plaintiff and to otherwise frustrate the enforcement of the Judgment by the Judgment Creditor Plaintiff.

Nothing about the Judgment Creditor Plaintiff's actions prevents DE Shaw from foreclosing on the collateral.[2]  This is **not** what DE Shaw seeks in its application to vacate the restraining notices.  It does not want the restraining notices vacated so that it can use the monies to pay down its own debt or solely to that extent (*tr.* 8.1.25). What it seeks instead is to do exactly that which the Defendant always intended -- avoid current payment of the Judgment Creditor Plaintiff the monies they are owed.  DE Shaw does not have clean hands and is not entitled to equitable relief (*Junkersfeld v Bank of Manhattan Co.*, 250 AD 646, 649 [1st Dept 1937]).  As such, the motion is denied.

For the avoidance of doubt, *Acmetel USA LLC v PTGi Intl. Carrier Services, Inc.*, 2024 WL 4467174 (SDNY Oct. 10, 2024) does not warrant the relief urged by DE Shaw.  Nothing in that decision involved a coordinated effort to avoid paying the Judgment Creditor Plaintiff and to create a lien knowing that the obligation to pay the Judgment Creditor Plaintiff existed so that they could create a lien to prime that obligation.  There is *prima facie* evidence of that on the

---

[2] As such, there is no irreparable harm.  Additionally, DE Shaw can seek money damages.  In fact, none of the prerequisites for injunctive relief are met (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005])

**654869/2022   MANORHAVEN CAPITAL LLC vs. MARC J. BERN & PARTNERS, LLP**
**Motion No.  018**

**Page 3 of 6**

[* 3]

record before this Court and having failed to accomplish that goal (*Manorhaven Capital LLC v Marc J. Bern & Partners, LLP*, 237 AD3d 641 [1st Dept 2025]), now they seek to frustrate the judgment collection of the Plaintiff Judgment Creditor. Equally importantly, DE Shaw does not want to use the money in its control account to pay down its own debt. It wants to transfer it to others – *i.e.*, lawyers to do work on behalf of the Defendant and keep the Defendant's business going without paying the obligation owed to the Plaintiff Judgment Creditor. Stated differently, they do not seek to safeguard their own property in the relief that they seek. They seek to transfer it to others. As such, *Acmetel USA* (which is not binding on this Court) is inapposite (or the Court otherwise chooses not to follow it). Nor can it be said that DE Shaw seeks to make "protective advances" to protect the collateral. By way of example, this is not the payment of real estate taxes and insurance to avoid government lien or exposure to third parties (*cf. 350 E. 10th St. LLC v 9th & 10th St. L.L.C.*, 2022 N.Y. Slip Op. 34411[U], 15 [N.Y. Sup Ct, New York County 2022]). Additionally, in the event of a foreclosure, nothing prevents the matters from being transferred to other lawyers at other firms that are solvent.

Putting that aside, the motion is procedurally improper. This case is disposed (*Uniformed Firefighters Ass'n of Greater New York v City of New York*, 173 AD2d 206 [1st Dept 1991], *affd*, 79 NY2d 236 [1992] ["[i]t is well settled that the pendency of a viable action is an indispensable prerequisite to the granting of a preliminary or temporary injunction"]). As such, the motion is denied for this reason as well.

Additionally, it does not appear that DE Shaw has standing. A lender lacks standing to bring claims where clear and unambiguous language in the loan document grants that authority to the

**654869/2022   MANORHAVEN CAPITAL LLC vs. MARC J. BERN & PARTNERS, LLP**
**Motion No.  018**

**Page 4 of 6**

4 of 6

[* 4]

administrative agent (*Emigrant Bank v Virgo Inv. Group LLC*, 211 AD3d 526, 527 [1st Dept 2022] [holding that the "plaintiffs lack standing to bring the instant tort claims against defendants, because section 8.1 of the Loan Agreement broadly conferred the Administrative Agent with the power to 'exercise any . . . remedies available at law or in equity' in an Event of Default"]; *Beal Sav. Bank v Sommer*, 29 AD3d 388, 389 [1st Dept 2006], *affd*, 8 NY3d 318 [2007]; *Arena Vantage SPV, LLC v Actionable Process LLC*, 85 Misc 3d 1203(A) [N.Y. Sup Ct 2025]). The Credit Agreement authorizes Alter Domus, as Agent, to "act with respect to all Collateral under the Credit Documents, including for purposes of acquiring, holding and enforcing any and all other rights and remedies of the Lenders with respect to the Credit Parties, the Obligations, or otherwise related to any of same…" (NYSCEF Doc. No. 283, § 9.1). This is not the party who brings this motion. [3]

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby ORDERED that DE Shaw's motion is DENIED.

_____8/1/2025_____
DATE

20250801174637ABORROK35100727A89C4388BB5008C762E6121F

_____
ANDREW BORROK, J.S.C.

CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION
| | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER

---

[3] The unauthorized sur-reply filed on July 31, 2025 (NYSCEF Doc. Nos. 305-308) raises new arguments not made in connection with the original application. It thus can not be considered. Worse it includes new agreements not even executed when the motion was first brought. The Order to Show Cause (NYSCEF Doc. No. 295) indicates that opposition papers were due on or before July 21, 2025. The Order to Show Cause did not permit a reply. The Delegation Agreement is dated July 30, 2025 (NYSCEF Doc. No. 308) – 9 days after the motion was fully submitted. It is further evidence that this motion is frivolous and designed to have the Court endorse the commission of a tort.

**654869/2022   MANORHAVEN CAPITAL LLC vs. MARC J. BERN & PARTNERS, LLP**       **Page 5 of 6**
**Motion No.  018**