■ HOWARD SYSTEMS INTERNATIONAL, INC., Appellant-Respondent, v IMI SYSTEMS INC., Respondent-Appellant. [596 NYS2d 48] —Order, Supreme Court, New York County (Diane

A. Lebedeff, J.), entered September 23, 1991, which granted defendant's motion for summary judgment pursuant to CPLR 3212, "only as to the portions of the second cause of action pleading disclosure of customer identity and trade secrets", unanimously modified, on the law, to the extent of granting the defendant's motion as to the balance of the complaint and accordingly dismissing the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The parties are corporations engaged in the business of computer programming and the marketing of computer consulting services. Plaintiff commenced this action seeking damages for the defendant's alleged tortious interference with contract and unfair competition, arising out of defendant's hiring of Marcia Ostfeld. Ms. Ostfeld was plaintiff's executive vice president in charge of its New Jersey office. In connection with her employment at Howard Systems International, Inc. (HSI), Ostfeld executed an employment agreement in which she agreed, *inter alia,* to not "at any time, whether during the term of [her] employment or after, reveal or disclose to any firm, person, or entity nor permit to be revealed or disclosed, any confidential, proprietary, or secret information concerning HSI's business and finances, or the business and finances of its actual and prospective clients". The agreement contained a definition of the type of information which was to be protected and contained a broad anticompetition provision. Ms. Ostfeld is not a party to this litigation.

The complaint alleges that on February 15, 1989 Ms. Ostfeld quit her job at HSI and then several days later was terminated for cause. Thereafter in April of 1989, Ms. Ostfeld accepted a management position with the defendant corporation. Ms. Ostfeld had apparently met with defendant's representatives in January of 1989 to discuss prospective employment, but declined the offer advanced at that time because it involved a salary decrease. In the first cause of action, plaintiff alleges essentially that the defendant knowingly hired Ostfeld in violation of the employment agreement she executed with the plaintiff and thereby intended to interfere with the contractual relationship between HSI and Ostfeld. In the second cause of action, plaintiff alleges that the defendant engaged in unfair competition by inducing Ms. Ostfeld to breach her employment agreement and to wrongfully use and disclose plaintiff's trade secrets and confidential information. Specifically, plaintiff alleged, on information and belief, that

Ostfeld disclosed to defendant HSI's "business, practices, procedures and confidential information of HSI including the identity of HSI customers."

"Since there are 'powerful considerations of public policy which militate against sanctioning the loss of a [person's] livelihood' *(Purchasing Assoc. v Weitz,* 13 NY2d 267, 272), restrictive covenants which tend to prevent an employee from pursuing a similar vocation after termination of employment are disfavored by the law [citations omitted]. Such covenants will be enforced only if reasonably limited temporally and geographically *(Gelder Med. Group v Webber,* 41 NY2d 680, 683; *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303, 307-308), and then only to the extent necessary to protect the employer from unfair competition which stems from the employee's use or disclosure of trade secrets or confidential customer lists *(Reed, Roberts Assoc. v Strauman, supra,* p 308). Thus, where the employer's past or prospective customers' names are readily ascertainable from sources outside its business, trade secret protection will not attach and their solicitation by the employee will not be enjoined *(Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392).

"On the other hand, if the employee's services are truly ' "special, unique or extraordinary" ' and not merely of 'high value to his employer', injunctive relief may be available though trade secrets are not involved *(Purchasing Assoc. v Weitz, supra,* pp 272, 274)." *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499.)

The IAS Court correctly determined that the plaintiff failed to come forward with sufficient evidence to rebut the defendant's showing that the identities of plaintiff's past and prospective customers were readily ascertainable from various commercial directories submitted to that court by the defendant. Furthermore, the court correctly found that plaintiff failed to prove that Ms. Ostfeld's services were "special, unique or extraordinary" or that any aspects of her employment with the defendant violated the terms of the employment agreement.

Plaintiff herein, like the plaintiff in *Reed, Roberts Assocs. v Strauman (supra),* is apparently more concerned about its employee's knowledge of the intricacies of its business operation. However absent any wrongdoing, it is clear that Ostfeld should not have been prohibited from using her knowledge and talent in her area of expertise. As the Court stated in *Reed, Roberts Assocs. (supra,* at 309): "A contrary holding would make those in charge of operations or specialists in

certain aspects of an enterprise virtual hostages of their employers. Where the knowledge does not qualify for protection as a trade secret and there has been no conspiracy or breach of trust resulting in commercial piracy we see no reason to inhibit the employee's ability to realize his [or her] potential both professionally and financially by availing himself [or herself] of opportunity."

Consequently, in those circumstances the claim advanced against the employer who affords an employee such an opportunity should be dismissed. Concur—Murphy, P. J., Carro, Rosenberger and Ross, JJ.