■ RONALD W. FREEMAN, P. C., Appellant, v LI ZHU, Respondent. [618 NYS2d 316] —Order, Supreme Court, New York

County (Beatrice Shainswit, J.), entered July 16, 1993, which granted the motion by defendant Li Zhu for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The IAS Court properly determined that the plaintiff had failed to meet his burden in opposing summary judgment of producing evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact requiring a trial with respect to the defendant's alleged breach of and the plaintiff's alleged entitlement to enforcement of an alleged oral employment agreement and oral nonsolicitation clause between the parties wherein the defendant, as a former employee of the plaintiff, had allegedly agreed not to utilize the plaintiff's allegedly confidential client and potential client lists for personal gain *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

Solicitation of plaintiff's customers by defendant, as a former employee, is not actionable, nor is trade secret protection to be accorded to the names, addresses and telephone numbers of clients and potential clients of the plaintiff seeking immigration assistance, where, as here, the record reveals that the alleged confidential customer lists were readily ascertainable from nonconfidential sources by reference to, among other publications, local telephone listings *(see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 498).

We have considered the plaintiff's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.