■ H & R RECRUITERS, INC., Doing Business as HAGAN-RICCI GROUP, Respondent, v WILLIAM K. KIRKPATRICK, Appellant. [663 NYS2d 865] —In an action to recover damages for breach of an employment agreement, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered October 3, 1996, as denied that branch of his motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, that branch of the motion which is for summary judgment dismissing the complaint is granted, and the counterclaims are severed.

It is well settled that restrictive covenants which tend to prevent an employee from pursuing a similar vocation after termination of employment are disfavored by the law (*see, Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 307). "Such covenants will be enforced only if reasonably limited temporally and geographically * * * and then only to the extent necessary to protect the employer from unfair competition which stems from the employee's use or disclosure of trade secrets or confidential customer lists * * * Thus, where the employer's past or prospective customers' names are readily ascertainable from sources outside its business, trade secret protection will not attach and their solicitation by the employee will not be enjoined" (*Howard Sys. Intl. v IMI Sys.,* 192 AD2d 371, 373). However, if the employee's services are truly special, unique or extraordinary, and not merely of high value to his or her employer, injunctive relief may be available although trade secrets are not involved (*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499).

Under the circumstances of the instant case, the restrictive covenant in the employment agreement is, not enforceable because the plaintiff's client lists do not qualify for trade secret protection. The defendant established, and the plaintiff failed to refute, that the identities of the plaintiff's past and prospective customers were readily discoverable through various non-confidential sources, such as company directories and job postings that are widely distributed to placement firms, including the one with which the defendant is currently employed (*see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra; Ronald W. Freeman, P. C. v Li Zhu,* 209 AD2d 213, 214; *Pezrow Corp. v Seifert,* 197 AD2d 856, 857; *Howard Sys. Intl. v IMI Sys., supra,* at 373). There is no evidence that the defendant pirated or memorized the client list or the names of the "contact" people working for the clients (*see, Reed, Roberts Assocs. v Strauman, supra,* at 308). Additionally, the plaintiff failed to prove that the defendant's services were unique or extraordinary or that he was irreplacable. Accordingly, the defendant should have been granted summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.