■ BONNIEVIEW HOLDINGS, INC., et al., Respondents-Appellants, v STEPHEN K. ALLINGER et al., Appellants-Respondents. [693 NYS2d 340] —Crew III, J. (1) Cross appeals from an order of the Supreme Court (Tomlinson, J.), entered December 11, 1998 in Hamilton County, which, inter alia,

granted plaintiffs' motion for a preliminary injunction and ordered plaintiffs to remove certain portions of a fence, and (2) appeal from that part of an order of said court, entered February 24, 1999 in Hamilton County, which denied defendants' motion for reconsideration.

Donald Howe and Ruth Howe owned a parcel of land located in the Town of Long Lake, Hamilton County. It appears that the parcel originally consisted of a lodge, two small rental cabins and a two-story boathouse/camp. In 1978, the boathouse parcel was conveyed to defendants' predecessors in title, with the Howes retaining ownership of the sand beach in front of the boathouse. Various easements were granted by the Howes including, insofar as is relevant to this appeal, a right-of-way for ingress and egress from the State highway to the edge of the boathouse property. The remainder of the original parcel was purchased by Frederick Fink and Angela Fink in 1994. The purchase contract subsequently was assigned to plaintiff Bonnieview Holdings, Inc., a corporation controlled by the Finks, which, in turn, leased the premises to plaintiff Long View Lodge, Inc.

In 1997, plaintiffs requested that defendants refrain from parking and/or turning around on the right-of-way. Although defendants apparently acquiesced for a period of time, upon their resumption of such activities, plaintiffs constructed a fence around the boathouse parcel, leaving an opening (the width of which is in dispute) through which defendants could access their property. Plaintiffs thereafter sued defendants for trespass alleging, *inter alia*, that the terms of the right-of-way conveyed did not permit defendants to park and/or turn around on the right-of-way, nor did it permit them to encroach upon plaintiffs' land for such purposes.[1] Plaintiffs also moved for a preliminary injunction seeking, *inter alia*, to enjoin defendants and/or their guests from parking or turning around on the right-of-way and defendants cross-moved for injunctive relief seeking, *inter alia*, the removal of the fence erected by plaintiffs.

By order entered December 11, 1998, Supreme Court ordered defendants to refrain from parking on any portion of plaintiffs' property, including the subject easement, and, further, from

---

1. The right-of-way in question, which dead ends at the rear of defendants' property, apparently is sufficiently narrow that egress can be accomplished only by backing out some distance to the State highway or turning around at the end of the right-of-way, the latter of which allegedly cannot be accomplished without backing over a portion of either plaintiffs' or defendants' property.

utilizing any portion of plaintiffs' property to turn their vehicles around. Additionally, Supreme Court ordered plaintiffs to remove a portion of the fence previously constructed and to refrain from erecting any additional fencing during the pendency of this action. Defendants thereafter moved to reargue/renew or, in the alternative, for a stay pending appeal. Supreme Court granted the requested stay and these appeals ensued.

Defendants, as so limited by their brief, primarily contend that Supreme Court erred in enjoining them from parking and/or turning around on the subject easement.[2] It is well settled that a preliminary injunction, the purpose of which is to preserve the status quo pending resolution of the underlying dispute (*see, Matter of Heisler v Gingras*, 238 AD2d 702, 703), is a drastic remedy (*see, Uniformed Firefighters Assn. v City of New York*, 79 NY2d 236, 241) and imposes upon the party seeking such relief the burden of demonstrating a likelihood of success on the merits, irreparable harm absent the issuance of the requested injunction and a balancing of the equities in his or her favor (*see, Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862). Plaintiffs have failed to meet that burden here.

Plaintiffs initially contend that the relevant easement is expressly limited to ingress and egress and, hence, activities such as the parking and turning around of vehicles simply are prohibited. The deed conveying the boathouse parcel to defendants provided, in relevant part, as follows: "Together with a right of way for egress and ingress to the premises being herein described from the said State Highway over an existing road running along the easterly side of the lands of Donald and Ruth Howe, said right of way being for foot travel and vehicles *and is to be used for all purposes for which right[s] of way are commonly used*" (emphasis supplied). Given the foregoing language, we cannot say that plaintiffs have demonstrated a likelihood of success on the merits with respect to their claim that defendants can neither park nor turn their vehicles around on the easement in question.[3]

With respect to plaintiffs' assertion that they will suffer ir-

---

**2.** Defendants do not appear to contest that portion of Supreme Court's order enjoining them from parking on plaintiffs' adjoining property. Accordingly, we will address the parking issue only insofar as it relates to the easement in question.

**3.** Even assuming that plaintiffs have demonstrated a likelihood of success on the merits with respect to their claim that defendants have absolutely no right to encroach upon plaintiffs' property for purposes of turning their vehicles around, we conclude, for the reasons that follow, that plaintiffs nevertheless are not entitled to a preliminary injunction in this regard.

reparable harm absent the injunction, again, the existing record does not support such a finding. Although the proof adduced upon a trial of this matter indeed may demonstrate that defendants' use of the easement for parking and/or a portion of plaintiffs' adjoining property for turning interferes with the rental and/or development of such property, plaintiffs' conclusory assertions in this regard are not sustained by the limited record before us. Finally, we are not persuaded that a balancing of the competing equities results in a finding favorable to plaintiffs. Accordingly, Supreme Court erred in granting plaintiffs' request for a preliminary injunction.[4]

Turning to plaintiffs' cross appeal, the record reveals that plaintiffs promptly complied with Supreme Court's directive to remove a portion of the fence in question and, hence, plaintiffs' challenge to such directive is academic. To the extent that plaintiffs contest that portion of Supreme Court's order enjoining them from erecting additional fencing during the pendency of this action, we are of the view that plaintiffs may fence the easement in question provided they do not impair defendants' use thereof in the process (*Lewis v Young*, 92 NY2d 443, 449 [absent a contrary intent, "a landowner burdened by an express easement of ingress and egress may narrow it, cover it over, gate it or fence it off, so long as the easement holder's right of passage is not impaired"])—a determination that no doubt will require further, interim judicial intervention which, of course, could be avoided by simply proceeding to an expeditious resolution of the underlying action on the merits.

To summarize, Supreme Court erred in enjoining defendants from using the subject easement to park/turn their vehicles and, further, from encroaching upon plaintiffs' property for the limited purpose of turning their vehicles around. As noted previously, the prohibition against parking on plaintiffs' property remains unaffected by our decision. Additionally, Supreme Court erred in enjoining plaintiffs from erecting any additional fencing during the pendency of this action, although plaintiffs may do so only to the extent that it does not impair defendants' use of the easement.

Mikoll, J. P., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as enjoined defendants from parking/turning on the subject easement and/or utilizing any portion of plaintiffs' property for purposes of turning

---

4. In light of this conclusion, defendants' appeal from that portion of Supreme Court's February 24, 1999 order denying their motion for reconsideration is academic.

around defendants' vehicles and, further, enjoined plaintiffs from erecting any additional fencing during the pendency of this action; defendants are entitled to park on the easement in question and to utilize both the easement and a portion of plaintiffs' property for the limited purpose of turning around their vehicles during the pendency of this action and plaintiffs are permitted to fence the subject easement only to the extent that it does not impede defendants' use thereof; and, as so modified, affirmed.