■ DENTAL HEALTH ASSOCIATES et al., Respondents, v ALI ZANGENEH et al., Appellants. [701 NYS2d 106] —In an action to recover damages for unfair competition and for injunctive relief, the defendants appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated March 15, 1999, which granted the plaintiffs' motion to preliminarily enjoin the defendant Ali Zangeneh from, *inter alia,* engaging in the practice of dentistry in competition with the plaintiff Dental Health Associates, and to enjoin the defendants, Ali Zangeneh, Brian Bovino, and Allen Zuch, from contacting patients of the plaintiff Dental Health Associates and from removing property of that plaintiff from the premises located at 375 Windsor Highway, New Windsor.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion is denied.

"It is well settled that in order to prevail on a motion for a preliminary injunction, the movant must show, *inter alia,* that it is likely to succeed on the merits of the action *(see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Emerald Enters. v Chili Plaza Assocs.,* 237 AD2d 912; *Key Drug Co. v Luna Park Realty Assocs.,* 221 AD2d 598, 599). To sustain this burden, the movant must demonstrate a clear right to relief which is 'plain from the undisputed facts' *(Family Affair Haircutters v Detling,* 110 AD2d 745, 747). Where the facts are in sharp dispute, a temporary injunction will not be granted *(see, Jurlique v Austral Biolab Pty.,* 187 AD2d 637; *Sutton, DeLeeuw, Clark & Darcy v Beck,* 155 AD2d 962; *Family Affair Haircutters v Detling, supra)"* *(Blueberries Gourmet v Aris Realty Corp.,* 255 AD2d 348, 349-350; *see also, Sumiko Enters. v Town Realty Co.,* 259 AD2d 483).

In the instant case, the plaintiffs failed to establish the likelihood of success on the merits. It is not disputed that the plaintiffs withdrew a prior application seeking essentially the same injunctive relief after the parties reached an oral agreement settling their dispute, although this agreement was not placed on the record in open court. Several factual issues exist as to exactly what the parties agreed to, whether the defendant Ali Zangeneh violated the terms of the agreement, and

whether the plaintiff Steven P. Stern knew of and agreed to certain actions taken by the defendants. Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.