■ HOWARD BERGER COMPANY, INC., Appellant, v LEOAPOLD YE et al., Respondents. [708 NYS2d 310] —In an action, inter alia, to permanently enjoin the defendants from using trade secrets and confidential information, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated July 8, 1999, which granted the separate motions of the defendants Leoapold Ye and Milton Cohen and the defendant Reiss Wholesale Hardware Co., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are denied, and the complaint is reinstated.

The plaintiff commenced this action, inter alia, to permanently enjoin the defendants from using its trade secrets. The Supreme Court granted the defendants' separate motions for summary judgment dismissing the complaint. We reverse.

Although there is no generally accepted definition of a trade secret, one which has been cited with approval by the Court of Appeals states that a trade secret is " 'any formula, pattern, device or compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over competitors who do not know or use it' " (Ashland Mgt. v Janien, 82 NY2d 395, 407, quoting Restatement of Torts § 757, comment b). In the instant case, there are triable issues of fact as to whether the plaintiff's suppliers in China were "not known in the trade or [were] discoverable only by extraordinary efforts", and whether the plaintiff's relationship with these suppliers was "secured by years of effort and advertising effected by the expenditure of substantial time and money", such that the lists at issue constitute a trade secret (Leo Silfen, Inc. v Cream, 29 NY2d 387, 392-393; Laro Maintenance Corp. v Culkin, 267 AD2d 431).

Additionally, a triable issue of fact exists as to whether Ye breached a duty of good faith and fair dealing while employed by the plaintiff (*see, Lamdin v Broadway Surface Adv. Corp.,* 272 NY 133, 138; *Maritime Fish Prods. v World-Wide Fish Prods.,* 100 AD2d 81, 88). Friedmann, J. P., Krausman, Luciano and Schmidt, JJ., concur.