■ WILLIAM M. BLAKE AGENCY, INC., Respondent, v KAREN LEON, Appellant, et al., Defendants. [723 NYS2d 871] —In an action, *inter alia,* to permanently enjoin the defendant Karen Leon from divulging and using confidential information obtained while in the employ of the plaintiff, the defendant Karen Leon appeals from an order of the Supreme Court, Suf-

folk County (Molia, J.), dated April 12, 2000, which granted the plaintiff's motion for a preliminary injunction.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

On a motion for a preliminary injunction, the burden of proof is on the movant to show that success on the merits is likely in the action, that irreparable injury will occur unless the injunction is granted, and that the balance of equities is in the movant's favor (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Grant Co. v Srogi,* 52 NY2d 496; *NCN Co. v Cavanagh,* 215 AD2d 737). Moreover, "[p]reliminary injunctive relief is a drastic remedy which will not be granted 'unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant'" (*Peterson v Corbin,* 275 AD2d 35, 36, quoting *First Natl. Bank v Highland Hardwoods,* 98 AD2d 924; *see, Nalitt v City of New York,* 138 AD2d 580, 581).

Applying these principles to the instant case, the plaintiff did not meet its burden of demonstrating a likelihood of success on the merits or that it would suffer irreparable harm in the absence of a preliminary injunction. In particular, the plaintiff did not show that the activities of the appellant, Karen Leon, its former employee, were undisputedly in violation of the "noncompetition and nondisclosure" provisions of the parties' employment agreement. Accordingly, the plaintiff was not entitled to a preliminary injunction (*see, Columbia Ribbon Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; *Reed, Roberts Assocs. v Strauman,* 40 NY2d 303; *H & R Recruiters v Kirkpatrick,* 243 AD2d 680; *Gallagher & Co. v Klymenko,* 248 AD2d 497).

In light of our determination, it is unnecessary to reach the appellant's remaining contention. Santucci, J. P., Luciano, Feuerstein and Adams, JJ., concur.