■ PURCHASE ENVIRONMENTAL PROTECTIVE ASSOCIATION, INC., Appellant, v RELATED PROPERTIES, INC., Respondents, et al., Defendants. [748 NYS2d 695] —In an action, inter alia, to enforce a stipulation of settlement, the plaintiff appeals (1) from an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), entered July 12, 2001, which granted the separate motions of the defendant BFG Immobilien-Investment Gesellschaft M.B.H., and the defendants Related Properties, Inc., Purchase Corporate Park Associates, VI, L.P., and Purchase Corporate Park Associates II, to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7), and dismissed the amended complaint insofar as asserted against those defendants, and (2), as limited by its brief, from so much of an order of the same court, entered October 24, 2001, as, in effect, upon granting its motion for leave to renew and reargue, adhered to the original determination.

Ordered that the appeal from the order and judgment entered July 12, 2001, is dismissed as superseded by the order entered October 24, 2001, made upon renewal and reargument; and it is further,

Ordered that the order entered October 24, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting the respondents' separate motions to dismiss the complaint based upon docu-

mentary evidence that flatly contradicted the factual claims contained in the complaint (*see* CPLR 3211 [a] [1]; *cf. Smuckler v Mercy Coll.*, 244 AD2d 329, 330). Furthermore, the Supreme Court correctly determined that the plaintiff's motion for leave to renew and reargue was based on a new fact that did not alter the original determination of the motion to dismiss. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.