OPINION OF THE COURT
Edward A. Sheridan, J.
Petitioner moves by order to show cause for a preliminary injunction pursuant to Executive Law § 632-a and CPLR article *603 63 enjoining respondent Zaffuto and attorney Belanger and the law firm of Faraci & Lange, from disbursing or in any other manner affecting any and all of the amount of $87,209.20 that has been or will be paid to respondents pursuant to the terms of a settlement of a civil action against New York State. Petitioner seeks to preserve those funds to satisfy a judgment sought in a lawsuit that may be commenced by victims of Michael Zaffuto’s crimes pursuant to Executive Law § 632-a. Respondents oppose the order to show cause and the petition on several grounds.
As alleged in the petition, and not disputed by respondents, one James Hernon was the victim of a crime committed by Michael Zaffuto on March 12, 1986. Zaffuto was convicted of robbery in the first degree and sentenced to a period of incarceration in state correctional facilities. Zaffuto was subsequently granted conditional release on parole, and he died on March 2, 2001 while still on parole. On July 18, 2001, the Monroe County Surrogate’s Court granted respondent Blake Zaffuto, Michael’s son, limited letters of administration for the estate of Michael Zaffuto.
While incarcerated, Michael Zaffuto accrued a claim against the State for negligence and medical malpractice. After his death, that claim was settled for $135,000. A decree and order of the Monroe County Surrogate’s Court approved distribution of that sum as follows: $38,889 to the law firm of Faraci & Lange for fees; $5,369.98 for disbursements made during the prosecution of the claim; and $3,531.82 to the County of Monroe for repayment of social services and Medicare liens. The Surrogate’s Court further approved distribution of the remainder of the settlement in accordance with an agreement between respondent Blake Zaffuto and his mother, Cristal Zaffuto. Pursuant to that agreement and as approved by the Surrogate’s Court, Cristal is to receive $30,000, and the remaining balance of the settlement, or $57,209.20, is to be paid by the estate to Blake Zaffuto. Pursuant to the Son of Sam Law § 632-a petitioner seeks to enjoin the payment of $87,209.20, or the amounts to be paid to Cristal and Blake Zaffuto, until the determination of a lawsuit by James Hernon.
Respondents challenge the petition on several grounds. First, they contend that the Son of Sam Law, which is intended to keep convicted felons from profiting from their crimes and to provide compensation to crime victims from funds available to the person who perpetrated a crime upon them, was not intended to apply in the instant situation. Specifically, they *604 contend that Michael Zaffuto is dead, and that Cristal and Blake Zaffuto were also victims of Michael Zaffuto, in that Michael Zaffuto never paid his child support obligations to Cristal Zaffuto, and never provided financial support and had only sporadic contact with Blake Zaffuto during the latter’s formative years. Thus, they contend, Michael Zaffuto’s death prevents him from enjoying the settlement funds, and that significant equities in this matter flow to Cristal and Blake Zaffuto.
To the extent respondents contend that the Son of Sam Law was not intended to apply when the perpetrator of a crime is deceased, that argument is defeated by the plain provisions of the statute. Executive Law § 632-a (1) (c) defines “funds of a convicted person” as “all funds and property received from any source by a person convicted of a specified crime, or by the representative of such person as defined in [section 621 (6)] of this article excluding child support and earned income.” The cross-referenced provision, Executive Law § 621 (6), provides that “ ‘Representative’ shall mean one who represents or stands in the place of another person, including but not limited to * * * an executor or heir of another person * * *.” (See also Executive Law § 632-a [3] [authorizing a crime victim to bring a civil action for money damages against the representative of the convicted person].) Clearly, the Legislature contemplated and intended that the funds of a deceased convicted person would be subject to the provisions of the Son of Sam Law.
In the alternative, respondents point out that Executive Law § 632-a (1) (c) explicitly excludes “child support” from the funds of a convicted person. They assert that as of February 27, 2003, the late Michael Zaffuto owed $36,950 in child support payments to Cristal Zaffuto, as evidenced by documentation received from the Monroe County Child Support Enforcement Unit. Thus, they contend that this amount should be excluded from the amount to be enjoined from distribution. Again, this argument fails in view of the plain language of the statute, which excludes child support payments received by the convicted person from application of the Son of Sam Law, but does not exclude or deduct from the funds of a convicted person child support payments owed by that person.
Respondents further contend that the first 10% of the proceeds of the settlement of Michael Zaffuto’s negligence and medical malpractice claim against the State is specifically exempted from the Son of Sam Law by Executive Law § 632-a (3) and CPLR 5205 (k). This argument is unavailing, as those *605 provisions specifically exempt “funds * * * recovered by the convicted person pursuant to a judgment obtained in a civil action” (Executive Law § 632-a [3]). The funds sought to be enjoined in this proceeding were not obtained pursuant to a judgment, and thus they do not benefit from the exemption set forth in Executive Law § 632-a (3) (see New York State Crime Victims Bd. v Neumann, Albany County, Feb. 21, 2003, Cannizzaro, J., Index No. 6107-02, slip op at 3).
In sum, respondents’ challenges to the petitioner’s right pursuant to the Son of Sam Law to enjoin the full sum of $87,209.20 are without merit. That is not, however, the end of the court’s analysis on this petition for a preliminary injunction.
“A preliminary injunction may be granted under CPLR article 63 when the party seeking such relief demonstrates: (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party’s favor (Grant Co. v Srogi, 52 NY2d 496, 517 [1981])” (Doe v Axelrod, 73 NY2d 748, 750 [1988]). A preliminary injunction is a drastic remedy which imposes upon the party seeking it the burden of establishing the merits of the three-pronged test set forth above (see, Bonnieview Holdings vAllinger, 263 AD2d 933, 935 [1999], citing Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]). This burden applies to the petitioner Crime Victims Board when it seeks a preliminary injunction pursuant to Executive Law § 632-a (6) (a) (see New York State Crime Victims Bd. v Neumann, supra, slip op at 4).
Here, petitioner has put forth little in support of the first two prongs of the test for a preliminary injunction, to wit, the likelihood of ultimate success on the merits and the prospect of irreparable injury absent the preliminary injunction. Assuming, however, that these two prongs are satisfied, the court is unpersuaded that all of the equities tip in petitioner’s favor in this case.
Respondents assert that Michael Zaffuto owed Cristal Zaffuto nearly $37,000 in child support arrears.* Respondents’ submissions in this matter permit the clear inference that the $30,000 to Cristal Zaffuto in the settlement approved by the Surrogate’s Court was intended to satisfy this child support *606 obligation. Balanced against this potential payment is Mr. Hernon’s boiler plate affidavit, in which he states that having learned of the settlement of Michael Zaffuto’s claim against the State, he intends to sue immediately, and he believes that success upon his claim is probable and that his recovery will exceed $135,000. Petitioner offers no facts in support of those contentions.
There can be little dispute that article 22 of the Executive Law serves a salient purpose in providing procedures and funds that enable crime victims to recover compensation from those who perpetrated crimes against them. However, the statutory remedy provided by article 22 is expressly “a matter of grace” (see Executive Law § 620). In comparison, the right of a custodial parent (and the child beneficiary) to child support is far more than a matter of grace — it is an entitlement in which the State has an overwhelming interest that is manifested throughout the State’s statutes. For example, the obligation of parents to pay child support is specifically and rigidly defined (see Family Ct Act § 413; Domestic Relations Law § 240 [1-b]), and there are numerous provisions providing for the enforcement of orders of support (see e.g. Social Services Law § 111-h [requiring each social services district in the state to establish a child support collection unit]; Family Ct Act § 115 [f] [establishing Family Court’s jurisdiction to commence proceedings to suspend driving privileges and recreational and professional permits and licenses for failure to comply in child support proceedings]; Education Law § 6509-c [authorizing the suspension of professional licenses for failure to comply in child support proceedings]; Social Services Law § 111-j [authorizing the interception of unemployment insurance benefits], § 111-t [authorizing the securing of assets for the purposes of collecting overdue support]). These cited statutes are but a few examples of the Legislature’s expression of the compelling nature of the State’s interest in the payment and enforcement of child support obligations.
In a case such as this, where the funds of a convicted person may be subject to claims for both child support and recompense for a crime victim, two distinct public policies come into conflict. As a matter of expressed public policy, however, it appears that the compelling nature of child support payments tips the equitable scale away from the payment to a crime victim.
Moreover, the submissions in the instant matter tip the equities in favor of Cristal Zaffuto. She has established the exis *607 tence of an order of support charging Michael Zaffuto with the payment of child support. She has further established to the satisfaction of the court that Michael Zaffuto defaulted on that obligation, and that child support arrears accrued in the amount of $36,950. On the other hand, petitioner, on behalf of James Hernon, has made no factual showing in support of Mr. Hernon’s claim, other than that he was the victim of Michael Zaffuto’s commission of robbery in the first degree. While that crime requires proof of a “serious injury,” that element of the crime is satisfied by a wide range of degree of injury, and petitioner’s submission fails to establish the nature of Mr. Her-non’s injury, much less the degree thereof. In this court’s view, the boiler plate allegation that Mr. Hernon’s claim will exceed $135,000 fails to outweigh Cristal Zaffuto’s demonstrated claim of nearly $37,000.
The court finds that petitioner has not established that the equities tip in its favor, and thus, a preliminary injunction with respect to the funds claimed by Cristal Zaffuto will not be granted. However, inasmuch as Cristal Zaffuto has indicated by an agreement memorialized in an order and decree of the Surrogate’s Court that the sum of $30,000 will satisfy the late Michael Zaffuto’s child support obligation, the denial of the preliminary injunction will pertain to only that sum.
Petitioner’s contention that Cristal Zaffuto’s claim to this portion of the settlement funds should be rejected, at least in part, because of the six-year statute of limitations requires little discussion. The statute of limitations applies to “actions” sought to be commenced (see CPLR 213), and Cristal Zaffuto’s defense to the instant petition is not such an action.
Blake Zaffuto has made no showing that the equities do not tip in favor of petitioner with respect to that portion of the settlement that is payable to him. Respondents contend that Blake was also a victim of Michael Zaffuto, and a general statement about Michael Zaffuto’s failure to provide financial and other kinds of support to Blake during his formative years is set forth. However, this contention fails to overcome the above-noted state interest in compensation to crime victims, and thus, a preliminary injunction will issue with respect to the settlement funds payable to Blake Zaffuto, individually.
Accordingly, it is ordered that the temporary restraining order imposed by the order to show cause, dated January 22, 2003, is hereby vacated, and it is further ordered that petitioner’s request for a preliminary injunction is granted in part and respondent Blake Zaffuto and Matthew F. Belanger, *608 Esq., and the law firm of Faraci & Lange and their agents, employees, representatives and assignees, and all other persons acting in conjunction with them, or under their supervision, control or direction, or on their behalf are hereby enjoined from in any way disbursing, distributing, encumbering, transferring, or assigning, to anyone, for any reason whatsoever, funds in the amount of $57,209.20 paid or to be paid by the State of New York to Blake Zaffuto or Matthew F. Belanger, Esq. as the settlement proceeds of the claim of respondent Blake Zaffuto, as administrator of the estate of Michael Zaffuto, versus State of New York (Claim No. 99423), until such time as a final judgment is obtained in a lawsuit commenced by one James Hernon, for damages sustained as a result of Michael Zaffuto’s commission of the crime of robbery in the first degree on December 12, 1986, and it is further ordered that the petition is denied insofar as it seeks to enjoin respondents from disbursing the sum of $30,000 to Cristal Zaffuto.

 Although petitioner criticizes the quality of proof on this issue, the court is satisfied by respondent’s submission of a letter (with attachment) dated February 27, 2003, from the deputy county attorney and acting manager of the Child Support Enforcement Unit of Monroe County, stating that Michael Zaffuto owed $36,950 in child support arrears.