■ GAGNON BUS COMPANY, INC., et al., Appellants, v VALLO TRANSPORTATION, LTD., et al., Respondents. [786 NYS2d 107]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated October 7, 2003, as denied those branches of their motion which were for a preliminary injunction to enjoin the defendants from providing private bus service to students who live in Queens and attend the Bronx High School of Science and from soliciting customers for that service.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying those branches of the plaintiffs' motion which were for a preliminary injunction to enjoin the defendants from providing private bus service to students who live in Queens and attend the Bronx High School of Science and from soliciting customers for that service. A party seeking the drastic remedy of a preliminary injunction must establish a clear right to that relief under the law and the undisputed facts upon the moving papers (*see Blake Agency v Leon,* 283 AD2d 423 [2001]). The burden of proof is on the movant to demonstrate a likelihood of success on the merits, the prospect of irreparable injury if the relief is withheld, and a balancing of the equities in the movant's favor (*see Doe v Axelrod,* 73 NY2d 748 [1988]; *Blake Agency v Leon, supra; Miller v Price,* 267 AD2d 363 [1999]). Here, the parties dispute whether the plaintiffs have standing to enforce the noncompetition clause at issue (*see Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club,* 156 AD2d 550 [1989]; *Lorisa Capital Corp. v Gallo,* 119 AD2d 99 [1986]; *Borne Chem. Co. v Dictrow,* 85 AD2d 646 [1981]). They also dispute whether the defendants used any information they learned while they were subcontractors of the plaintiffs which constitutes a trade secret or confidential customer list (*see BDO Seidman v Hirshberg,* 93 NY2d 382, 392 [1999]; *Leo Silfen, Inc. v Cream,* 29 NY2d 387 [1972]; *Starlight Limousine Serv. v Cucinella,* 275 AD2d 704 [2000]; *Howard Berger Co. v Ye,* 272 AD2d 445 [2000]; *IVI Envtl. v McGovern,* 269 AD2d 497 [2000]; *Gallagher & Co. of N.Y. v Klymenko,* 248 AD2d 497 [1998]). Accordingly, the plaintiffs failed to demonstrate a likelihood of success on the merits based on undisputed facts (*see Dental Health Assoc. v Zangeneh,* 267 AD2d 421 [1999]). Moreover, the plaintiffs did not establish that they would sustain an irreparable injury in the absence of a preliminary injunction (*see Neos v Lacey,* 291 AD2d 434 [2002]; *Price Paper & Twine Co. v Miller,* 182 AD2d 748 [1992]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.