■ In the Matter of RELATED PROPERTIES, INC., et al., Respondents, v TOWN BOARD OF TOWN/VILLAGE OF HARRISON et al., Respondents, and PURCHASE ENVIRONMENTAL PROTECTIVE ASSOCIATION, INC., et al., Appellants. [802 NYS2d 221]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town/Village of Harrison dated March 25, 2003, which determined that the project proposed by the petitioners might have a significant impact on the environment within the meaning of the State Environmental Quality Review Act (ECL art 8) and directed them to prepare a draft environmental impact statement, and an action, inter alia, for specific performance of two stipulations and to recover damages for breach of contract, Purchase Environmental Protective Association, Inc., appeals, as limited

by its brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered March 22, 2004, as granted the petitioners' motion for a preliminary injunction enjoining it from opposing their land use applications pending before the Planning Board of the Town/Village of Harrison and the Town/Village of Harrison, and denied that branch of its cross motion which was pursuant to CPLR 3211 (g) to dismiss the petition insofar as asserted against it and Manhattanville College appeals from the same order.

Ordered that the appeal by Manhattanville College is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion for a preliminary injunction enjoining Purchase Environmental Protective Association, Inc., from opposing the land use applications pending before the Planning Board of the Town/Village of Harrison and the Town/Village of Harrison and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the petitioners.

The petitioners seek to enforce their rights under two 1984 stipulations to complete the development of office space on a 35-acre parcel located in the Town/Village of Harrison. In January 1983 the petitioner Related Properties, Inc. (hereinafter Related Properties), and the former property owner Manhattanville College (hereinafter the College) filed an application with the Planning Board of the Town/Village of Harrison seeking a special exception use permit and site plan approval to construct 457,380 square feet of office space in three buildings. Although the Planning Board recommended approval of the application, the Town Board denied it. Accordingly, Related Properties and the College commenced a proceeding pursuant to CPLR article 78 to review the Town Board's determination. This proceeding was resolved by a so-ordered stipulation of settlement dated May 18, 1984, pursuant to which the Town Board agreed, inter alia, to grant a special exception use permit and site plan approval for the reduced development of 355,000 square feet of office space on the parcel. Prior to the execution of the stipulation, the Town Board adopted a resolution which approved two modified site plans providing Related Properties with the option of either developing a single office building of up to 355,000 square feet that could be constructed in two phases, or several buildings on the parcel totaling 355,000 square feet.

The appellant Purchase Environmental Protective Association, Inc. (hereinafter the environmental group), objected to the

May 1984 stipulation of settlement, and commenced an action to set it aside. However, by so-ordered stipulation of settlement dated October 11, 1984, the environmental group agreed to discontinue its action in exchange for certain modifications of the development plan aimed at mitigating the visual, traffic-related, and other environmental impacts of the project. Although the October 1984 stipulation permitted Related Properties to immediately begin construction of up to 300,000 of the 355,000 square feet of office space authorized by the May 1984 stipulation, it required the developer to delay construction of the balance of the project for at least 3½ years. The October 1984 stipulation also required the environmental group "to consent to, or join in, such applications to, or proceedings before such governmental authorities as shall be necessary to accomplish the agreements and objectives set forth in this Stipulation," and to cooperate with the other parties to the stipulation in "defending and upholding" its validity.

In accordance with the 1984 stipulations, a single commercial building, allegedly containing 278,290 square feet of office space, was constructed on the site. However, it was not until March 2000 that Related Properties' successor-in-interest submitted an application to the Planning Board seeking approval of an amended site plan and a special exception use permit to complete development. In lieu of expanding the existing building, the March 2000 application called for the construction of a second building containing 76,710 square feet of office space. The environmental group opposed the application, contending, among other things, that the proposal to construct a second building at the site rather than to expand the existing building violated the 1984 stipulations. A prior action by the environmental group to bar the developers from proceeding with the March 2000 application and the municipal respondents from processing it was dismissed by the Supreme Court on July 12, 2001, which dismissal was affirmed by this Court on October 28, 2002 (see Purchase Envtl. Protective Assn. v Related Props., 298 AD2d 570 [2002]).

Thereafter the Planning Board, as lead agency, issued a positive declaration that the proposed development was a Type I action which might have a significant impact on the environment, and directed the applicant to prepare a draft environmental impact statement pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). Shortly thereafter, Related Properties and its successors commenced this hybrid proceeding and action. In addition to seeking review of the Planning Board's SEQRA determination, the petitioners assert

causes of action against the environmental group, inter alia, for specific performance of the October 1984 stipulation and to recover damages for breach of contract. Upon commencement of this hybrid proceeding, the petitioners moved for a preliminary injunction barring the environmental group from further opposing the pending application for approval of an amended site plan and special exception use permit. In support of the motion, the petitioners contended that the proposed construction of a second office building on the site was consistent with both 1984 stipulations, and that the environmental group's opposition to the pending application contravened its obligations under the October 1984 stipulation. The environmental group cross-moved, inter alia, to dismiss the petition insofar as asserted against it pursuant to CPLR 3211 (g) on the ground that the claims asserted against it constituted an impermissible Strategic Lawsuit Against Public Participation (SLAPP suit), designed to block its right to challenge an amended development plan which does not conform to the 1984 stipulations and which could potentially have a negative impact on historical structures, storm water detention, wetlands, and traffic. The Supreme Court, inter alia, granted the petitioners' motion for a preliminary injunction, and denied that branch of the environmental group's cross motion which was to dismiss the petition insofar as asserted against it pursuant to CPLR 3211 (g). We now modify to deny the petitioners' motion for a preliminary injunction.

Since a preliminary injunction prevents litigants from taking actions that they would otherwise be legally entitled to take in advance of an adjudication on the merits, it is considered a drastic remedy which should be issued cautiously (see *Uniformed Firefighters Assn. of Greater N.Y. v City of New York,* 79 NY2d 236, 241 [1992]; *Gagnon Bus Co., Inc. v Vallo Transp., Ltd.,* 13 AD3d 334 [2004]; *Bonnieview Holdings v Allinger,* 263 AD2d 933 [1999]). Thus, a party is entitled to a preliminary injunction only where it demonstrates (1) a probability of success on the merits, (2) danger of irreparable harm in the absence of an injunction, and (3) a balance of the equities in its favor (see *W.T. Grant Co. v Srogi,* 52 NY2d 496 [1981]; *Milbrandt & Co. v Griffin,* 1 AD3d 327 [2003]). To sustain its burden of demonstrating a likelihood of success on the merits, the movant must demonstrate a clear right to relief which is plain from the undisputed facts (see *Gagnon Bus Co., Inc. v Vallo Transp., Ltd., supra*; *Dental Health Assoc. v Zangeneh,* 267 AD2d 421 [1999]; *Blueberries Gourmet v Aris Realty Corp.,* 255 AD2d 348 [1998]). Where the facts are in sharp dispute, a temporary injunction will not be granted (see *Blueberries Gourmet v Aris Realty Corp., id.*).

Here, the documentary evidence submitted by the petitioners demonstrated that the environmental group entered into a stipulation in October 1984 in which it agreed, inter alia, not to oppose development of up to 355,000 square feet of office space on the subject site in a two phase construction plan. However, there are sharply disputed issues of fact as to whether the March 2000 application conforms to the development plan initially agreed to in the May 1984 stipulation, and modified by the October 1984 stipulation. These factual issues should in the first instance be resolved by the municipal respondents, who must also, regardless of the 1984 stipulations, comply with the requirements of SEQRA (*see Elias v Town of Brookhaven*, 274 AD2d 495 [2000]; *Matter of Abate v City of Yonkers*, 264 AD2d 517 [1999]; *see also Uniformed Firefighters Assn. of Greater N.Y. v City of New York, supra*). We thus conclude that the petitioners have not sustained their burden of demonstrating a likelihood of success on the merits, and that a preliminary injunction should not have been issued.

However, the Supreme Court properly denied that branch of the environmental group's cross motion which was to dismiss the petition insofar as asserted against it pursuant to CPLR 3211 (g) upon the ground that it constitutes an impermissible SLAPP suit. A SLAPP suit is defined by Civil Rights Law § 76-a (1) (a) as an "action . . . for damages that is brought by a public applicant or permittee, and is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application or permission." Where a moving party demonstrates that an action is a SLAPP suit, a motion to dismiss on this basis "shall be granted unless the party responding to the motion demonstrates that the cause of action has a substantial basis in law" (CPLR 3211 [g]). Here, only the petitioners' cause of action to recover damages for breach of contract falls within the statutory definition of a SLAPP suit because it seeks to recover damages, is brought by public applicants, and is related to the environmental group's opposition to the subject application. However, the October 1984 stipulation which forms the basis for the breach of contract claim bars the environmental group from opposing applications for future development consistent with its terms, and as we have noted, there are unresolved issues of fact as to whether the March 2000 application conforms to the 1984 stipulations. Under these circumstances, it cannot be said that the petitioners' cause of action to recover damages for breach of contract lacks a substantial basis in law. Accordingly, dismissal of this cause of action was not warranted pursuant to CPLR 3211 (g). Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.