Schneider v Pine Mgt., Inc. (2025 NY Slip Op 50855(U))

[*1]

Schneider v Pine Mgt., Inc.

2025 NY Slip Op 50855(U)

Decided on May 27, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 27, 2025
Supreme Court, New York County

Jerome Schneider, RUTH SCHNEIDER, MARC SCHNEIDER, MARNI SCHWARTZ, Plaintiff,

against
Pine Management, Inc., LLOYD J. PINE, BRENDA ROHLMAN, ZIZI REALTY, LLC, JERUTH REALTY LLC, BAR-MAR REALTY LLC, MARC REALTY LLC, RIS REALTY LLC, BREN-EL REALTY LLC, JHJ REALTY LLC, SIR REALTY LLC, MARNI REALTY LLC, RUDEL REALTY LLC, Defendant.

Index No. 654303/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 263, 264, 265, 266, 278, 279 were read on this motion to SEAL.
On March 26, 2024, defendants filed a proposed order to show cause seeking the permanent sealing of unredacted copies of exhibits 28, 29 and 31 of the affirmation of Daniel Rohlman submitted in opposition to plaintiff's motion for partial summary judgment (NYSCEF doc. no. 263). An interim order was filed temporarily sealing public access to the documents (NYSCEF doc. nos. 278). The court now addresses the merits of defendants' request to permanently seal documents submitted in opposition to plaintiff'summary judgment motion .[FN1]
For the foregoing reasons, the request to permanently seal summary judgment opposition materials is denied.
Under New York law, there is a clear presumption that the public is entitled to access to judicial proceedings and court records (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501 [2d Dept 2007]). However, a court is empowered to seal or redact court records upon a showing of "good cause" (Danco Labs v Chemical Works of Gedeon Richter, 274 AD2d 1, 8 [1st Dept 2000]).
Section 216.1(a) of the Uniform Rules for Trial Courts provides:
"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In [*2]determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."
In the business context, courts permit records to be sealed when trade secrets are involved or when disclosure of information contained in documents "could threaten a business's competitive advantage" (Mosallem v Berenson, 76 AD3d 345, 350-351 [1st Dept 2010]; see also Mancheski v Gabelli Grp. Cap. Partners, 39 AD3d 499, 502 [2d Dept 2007]).
Here, there is no threat of trade secrets or competitive confidential information disclosure. Although the parties submit that permanent sealing is required to protect the confidentiality of nonparty entities, it has been held previously that names and addresses are not confidential materials subject to protection (Ronald W. Freeman, P.C. v Zhu, 209 AD2d 213, 214 [1st Dept 1994][trade secret protection is not accorded to the names, addresses and telephone numbers of clients and potential clients of the plaintiff where the information is readily ascertainable from nonconfidential sources]). 
In this instance, granting an order sealing the subject records does not comport with or overcome the broad presumption of public entitlement to judicial proceedings and court records (id. at 348-49). For these and the foregoing reasons, defendants' requests to seal summary judgment opposition documents is denied.
Accordingly, it is hereby
ORDERED that defendants' motion to seal (mot. seq. no. 004) is denied.
DATE May 27 2025
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1:Trial in this matter commenced on May 6, 2025, and concluded on May 19, 2025 (stipulation of discontinuance, NYSCEF doc. no. 312).