OPINION OF THE COURT
Oliver C. Sutton, J.
Motions under Calendar Nos. 26 and 145 of May 23, 1979 are consolidated for disposition.
Plaintiffs move for a preliminary injunction enjoining defendants from implementing a chronic absence control program *282 pending the outcome of a proceeding before the Office of Collective Bargaining (OCB). Defendants cross-move for a protective order pursuant to CPLR 2304, quashing a subpoena duces tecum. By separate notice of motion, defendants also move for summary judgment dismissing the complaint.
Plaintiffs allege that defendants have impermissibly, unilaterally and without prior consultation with the union altered a pre-existing policy allowing unlimited sick leave to police officers by replacing it with a chronic absence control program, under which sick police officers would lose certain benefits. Upon defendants’ announcement of the chronic absence control program, plaintiffs filed a petition commencing a proceeding before the OCB alleging an improper labor practice. The relief sought therein is an order directing defendants to "halt and desist from implementing the Chronic Absence Control Program dated January 12, 1979”. That is the identical relief sought herein.
Under these circumstances, plaintiffs are barred by the doctrine of exhaustion of administrative remedies. This doctrine requires that litigants address their complaints initially to administrative tribunals, rather than to the courts, and that they exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts (Young Men’s Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375).
Moreover, at this stage, the court is without subject matter jurisdiction. Pursuant to subdivision 5 of section 205 of the Civil Service Law, the Public Employment Relations Board (PERB) has exclusive, nondelegable jurisdiction to hear and resolve unfair labor practice charges, such as are here involved. This has been extended to include the Board of Collective Bargaining of the City of New York (Civil Service Law, § 205, subd 5, par [d], as amd by L 1977, ch 429).
Accordingly, defendants’ cross motion for summary judgment dismissing the complaint is granted on the grounds indicated. The court has not reached the merits of the dispute. In view of this holding, defendants’ cross motion for a preliminary injunction is also denied as academic, and plaintiffs’ motion for a preliminary injunction is also denied.