■ In the Matter of PHIL CARUSO et al., Appellants, v BENJAMIN WARD et al., Respondents. In the Matter of PHIL CARUSO et al., Appellants, v BENJAMIN WARD et al., Respondents. In the Matter of PHILIP SEELIG et al., Appellants, and BARRY FEINSTEIN et al., Intervenors-Appellants, et al., Intervenors, v RICHARD J. KOEHLER et al., Respondents.—Judgment, Supreme Court, New York County (Edith Miller, J.), entered August 8, 1987, which denied petitioners-appellants' motion for a preliminary injunction and dismissed their CPLR article 78 petition, unanimously affirmed, without costs.

Judgment, Supreme Court, New York County (John Bradley, J.), entered September 15, 1987, which denied petitioners-appellants' motion for a preliminary injunction and dismissed their article 78 petition, unanimously affirmed, without costs.

Order, denominated a decision, Supreme Court, New York County (Kenneth Shorter, J.), entered December 30, 1987, which dismissed petitioners-appellants' article 78 petition for injunctive relief, unanimously affirmed, without costs.

In each of these appeals, Supreme Court was without jurisdiction to grant the relief requested, as the Justices in the first two appeals involving petitioner-appellant Caruso held. In the third of these appeals, the court, without considering the issue, assumed jurisdiction and dismissed the petition because petitioners-appellants had not met their burden of establishing an imminent danger of irreparable harm. These article 78 proceedings, all seeking preliminary injunctions, were brought to bar the implementation of certain departmental directives which petitioners alleged constituted material and unilateral changes in the terms and conditions of their employment. The petitioners all had instituted collective bargaining proceedings before the New York City Board of Collective Bargaining (BCB). However, as BCB does not have the power to issue

preliminary injunctions, petitioners applied to the courts for this relief.

Unless there is an underlying action which confers statutory authority on the court to grant a preliminary injunction, the court has no jurisdiction to award such relief (CPLR 6301). An unfair labor practice proceeding before a body which has been given exclusive jurisdiction to hear such disputes, is not an "action" within the intendment of CPLR 6301 *(Buffalo Police Benevolent Assn. v City of Buffalo,* 79 AD2d 186, 190 [4th Dept 1981]). Civil Service Law § 205 (5) (d) confers such exclusive jurisdiction on BCB as to public employment practices in the city *(see, De Milia v McGuire,* 101 Misc 2d 281, 282 [Sup Ct, NY County 1979]). Given the Legislature's expressed intent that disputed public employment practices be submitted to an administrative and not a judicial forum, the courts, therefore, should not interfere in matters before the Board *(Matter of Board of Coop. Educ. Servs. v New York State Pub. Employment Relations Bd.,* 41 NY2d 753, 756 [1977]). Concur—Murphy, P. J., Carro, Asch, Rosenberger and Smith, JJ.