■ ROBERT HODGES et al., Respondents, v JOHN C. BEATTIE, Appellant. [893 NYS2d 289]—

Stein, J.

Plaintiffs commenced this action to establish their right to title to a portion of defendant's property, by means of adverse possession. Defendant owns property at 22 Acorn Street* in the Village of Lake Placid, Essex County. Plaintiffs purchased the adjoining property at 30 Acorn Street in September 2005. In 2007, defendant notified plaintiffs that their driveway was encroaching upon defendant's land. Plaintiffs expressed surprise, but arranged to have a survey performed, which confirmed that their driveway encroached upon defendant's property by several feet.

After unsuccessfully attempting to convince defendant to convey an easement over the encroaching portion of the driveway, plaintiffs asserted ownership thereof by way of adverse possession and requested conveyance of title to the

* The property was formerly known as Forrest Street, and is referenced as such in various documents in the record.

property. When no satisfactory resolution ensued, defendant caused several large boulders to be placed on the disputed parcel. Plaintiffs then moved by order to show cause to compel a transfer to them of the property in dispute pursuant to RPAPL article 5. The order to show cause contained a temporary restraining order, preventing defendant from entering onto the disputed property.

Defendant cross-moved to dismiss the matter for lack of personal jurisdiction on the basis that it had not been properly commenced by the filing and service of a summons and complaint. Defendant also sought to vacate the temporary restraining order and requested an award of costs and counsel fees pursuant to 22 NYCRR 130-1.1. Supreme Court converted the order to show cause and its supporting papers to a summons and complaint pursuant to CPLR 103 (c), denied defendant's cross motion to dismiss, awarded defendant costs in the amount of $100 and scheduled a hearing to determine whether sanctions were warranted. Defendant now appeals and we affirm.

Initially, we note that "courts are empowered and indeed directed to convert a civil judicial proceeding not brought in the proper form into one which would be in proper form, rather than to grant a dismissal" (*Matter of First Natl. City Bank v City of N.Y. Fin. Admin.*, 36 NY2d 87, 94 [1975]; *see* CPLR 103 [c]; *Matter of Cromwell Towers Redevelopment Co. v City of Yonkers*, 41 NY2d 1, 5 [1976]). Thus, we discern no abuse of discretion in Supreme Court's conversion of plaintiffs' order to show cause and supporting papers to a summons and complaint. Moreover, defendant waived any contention that he was not properly served with the order to show cause by failing to raise that issue in his cross motion (*see* CPLR 3211; *Page v Marusich*, 30 AD3d 871, 873 [2006]; *Enright v Vasile*, 238 AD2d 543 [1997]).

We also find unavailing defendant's argument that the papers filed by plaintiffs fail to state a cause of action. As of the date this action was commenced, plaintiffs were required to prove the following in order to establish their claim: "[p]ossession [of the disputed property] must be (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required [10 year] period" (*Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *see* RPAPL former 501). Here, plaintiffs' predecessors in interest averred that the driveway had occupied the same location for at least 18 years prior to the date this action was commenced and that they intended to take title to—and subsequently convey to plaintiffs—the driveway as

now situated (*see Brand v Prince*, 35 NY2d 634, 637 [1974]). Under these circumstances, although plaintiffs did not own the property for the statutorily required time period, the period of possession of their predecessors in interest may be included (*see id.*).

Similarly, plaintiffs allege in their affidavit that they have openly, notoriously and continuously used the land as a driveway, thus collectively infringing on defendant's ability to use such land for more than 10 years (*see Eddyville Corp. v Relyea*, 35 AD3d 1063, 1067 [2006] [requirement of hostility presumed met if use was open, continuous, and notorious for the full period required; only showing required is that it actually infringed upon the owner's rights]). Plaintiffs also allege that they and their predecessors in title made improvements to the condition of the driveway (*see* RPAPL 522; *Gallas v Duchesne*, 268 AD2d 728, 729-730 [2000]). Plaintiffs' written concession in 2007 that their driveway encroached on defendant's property did not divest plaintiffs of any ownership rights that were previously obtained (*see generally Larsen v Hanson*, 58 AD3d 1003, 1004-1005 [2009]). Liberally construing and accepting as true the facts alleged in the "complaint" and plaintiffs' submissions in opposition to defendant's motion to dismiss—and without addressing the merits of plaintiffs' claims—we conclude that plaintiffs have adequately stated a claim for adverse possession of the subject property (*see generally 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]; *Leon v Martinez*, 84 NY2d 83 [1994]).

Lastly, we note that defendant is not aggrieved by Supreme Court's decision to hold in abeyance his request for an award of sanctions pending a hearing. To the extent that defendant argues that Supreme Court should have imposed sanctions against plaintiffs without first providing plaintiffs with an opportunity to be heard, we find such contention to be without merit (*see* 22 NYCRR 130-1.1 [d]).

Cardona, P.J., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.