■ In the Matter of Town of Cicero, Appellant, v Lakeshore Estates, LLC, et al., Respondents. [60 NYS3d 730]—

Appeal from an order of the Supreme Court, Onondaga County (Walter W. Hafner, Jr., A.J.), entered January 12, 2016. The order denied the petition.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Without filing or serving either a summons, a complaint, a petition, or a notice of petition in this matter, the Town of Cicero (Town), which styles itself "petitioner" herein, obtained and served upon the so-styled "respondents" an order to show cause demanding a permanent injunction requiring

that certain structures constructed by respondents on their property in alleged violation of the Town's zoning and building codes be removed at respondents' expense. The Town appeals from an order that purportedly denied the "Petition."

"[T]he valid commencement of an action is a condition precedent to [Supreme Court's] acquiring the jurisdiction even to entertain an application for a[n] . . . injunction" (*Matter of Hart Is. Comm. v Koch*, 150 AD2d 269, 272 [1989], *lv denied* 75 NY2d 705 [1990]; *see Matter of Caruso v Ward*, 146 AD2d 486, 487 [1989]; *see also Uniformed Firefighters Assn. of Greater N.Y. v City of New York*, 79 NY2d 236, 239 [1992]). Here, however, there is no action supporting the application for an injunction. Indeed, the order to show cause and supporting papers themselves constitute the only request for an injunction. While " 'courts are empowered and indeed directed to convert a civil judicial proceeding not brought in the proper form into one which would be in proper form, rather than to grant a dismissal' " (*Hodges v Beattie*, 68 AD3d 1597, 1598 [2009]), more than improper form is involved here (*cf. Matter of State of New York [Essex Prop. Mgt., LLC]*, 152 AD3d 1169 [2017]). Converting the order to show cause and supporting papers into a summons and complaint in these circumstances would effectively permit the Town to seek an injunction by motion, a result that is at odds with the well-established principle that "[t]he pendency of an action is an indispensable prerequisite to the granting of a[n] . . . injunction" (*Tribune Print. Co. v 263 Ninth Ave. Realty*, 88 AD2d 877, 879 [1982], *affd* 57 NY2d 1038 [1982]; *see* CPLR 6301; *Matter of Church Mut. Ins. Co. v People*, 251 AD2d 1014, 1014 [1998]). We thus conclude that the court lacked jurisdiction to entertain the Town's request (*see Hart Is. Comm.*, 150 AD2d at 272). Without an underlying action the order putatively on appeal does not constitute an appealable paper (*see* CPLR 5701 [a], [c]; *see generally Noghrey v Town of Brookhaven*, 305 AD2d 474, 474-475 [2003]; *Gastel v Bridges*, 110 AD2d 146, 146 [1985]). The appeal must therefore be dismissed. Present—Whalen, P.J., Lindley, DeJoseph, NeMoyer and Curran, JJ.