| **McNeil-Sampson v Perez** |
|:---:|
| 2025 NY Slip Op 30987(U) |
| March 25, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153580/2019 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    __HON. JAMES G. CLYNES__       PART                22

*Justice*

----------------------------------------------------------------------X

NAKITA MCNEIL-SAMPSON,

                         Plaintiff,

                - v -

MARVIN PEREZ, CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC., CONSOLIDATED EDISON, INC.,
CONSOLIDATED EDISON SOLUTIONS, INC., CON
EDISON CLEAN ENERGY BUSINESSES, INC., SAN
MATEO CONSTRUCTION CORP.,

                         Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153580/2019 |
| MOTION DATE | 06/17/2024 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 170, 172, 177, 178, 179, 180, 181, 182, 183, 184, 185, 188

were read on this motion to/for            __JUDGMENT - SUMMARY__      .

Upon the foregoing documents, it is ordered that this motion by defendant San Mateo Construction Corp. (San Mateo), pursuant to CPLR 3212, for an order granting summary judgment in its favor and dismissal of the amended complaint and any cross-claim(s) against it, on the grounds that San Mateo is not vicariously liable for the subject accident because defendant Marvin Perez (Perez), an employee of San Mateo at the time of the accident, was not acting within the scope of his employment with San Mateo at the time of the accident, is decided as follows.

Plaintiff Nakita McNeil-Sampson, as administratrix of the estate of Sheldon Hedwige Sampson (decedent), as mother and legal guardian of J.S., and individually, seeks monetary damages for decedent's conscious pain and suffering and his wrongful death arising from a motor vehicle accident involving a motorcycle operated by the decedent and a vehicle operated by Perez. The amended summons and complaint (A/C) (NYSCEF Doc No. [Doc] 162) allegedd that Perez owned the vehicle he was operating, the accident occurred on April 29, 2017, at approximately 2:08 a.m. and Perez's negligence caused the accident. The A/C further alleges that at the time of

153580/2019  MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN
Motion No. 007

Page 1 of 11

[* 1]

the collision: Perez was acting as an agent of and employed by San Mateo; Perez was in the course of his employment with San Mateo; and Perez operated the vehicle with San Mateo's express and implied permission, consent and approval. Additionally, the A/C alleges that San Mateo is responsible and liable for Perez's acts of negligence while acting within the scope of his employment and/or agency.

In its answer (Doc 163), San Mateo denies the allegations of the amended complaint, asserts twelve affirmative defenses, and cross-claims against the other defendants. Discovery ensued, including depositions, San Mateo timely moved for summary judgment,[1] and plaintiff filed a note of issue.

Legal Standards

Summary Judgment

The "proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez*, 68 NY2d at 324, citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

"Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]). "On a summary judgment motion, facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]). The role of the

---

[1] Other corporate defendants separately moved for and were granted summary judgment. At the time of this decision and order, only Perez and San Mateo remain as defendants.

**153580/2019 MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN**
**Motion No. 007**

**Page 2 of 11**

2 of 11

court in determining the "drastic remedy" of summary judgment is "issue - finding," not "issue - determination" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957] [internal quotation marks and citation omitted]).

## Vicarious Liability

Under the common-law doctrine of respondeat superior, an employer may be held vicariously liable for torts, including intentional torts, committed by employees acting within the scope of their employment (*see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999], *citing Riviello v Waldron*, 47 NY2d 297 [1979]). Such liability attaches for the tortious acts of employees "only if those acts were committed in furtherance of the employer's business and within the scope of employment" (*Doe v Guthrie Clinic, Ltd.*, 22 NY3d 480, 484 [2014] [internal citations omitted]). While whether an employee acted within the scope of employment is a fact-based inquiry (*Riviello*, 47 N2d at 302-303), "the question may be resolved on summary judgment, particularly when the material facts are undisputed" (*Rivera v State of New York*, 34 NY2d 383, 390 [2019] [internal citations omitted]).

## The Motion

The following facts are not in dispute. On April 29, 2017, Perez and decedent were involved in a motor vehicle accident that occurred at approximately 2:08 a.m., and Perez was then an employee of San Mateo (San Mateo's Statement of Material Facts, Doc 156 at ¶¶ 1, 4; Plaintiffs' Response to Statement of Material Facts, Doc 177, ¶¶ 1, 4.).[2]

Moving Contentions

San Mateo contends, based on admissible evidence, that there are no remaining genuine material issues of disputed fact with respect to the issue of vicarious liability and that it is entitled to judgment dismissing the A/C and all cross-claims against it. In support, San Mateo points to, *inter alia*: Perez's deposition testimony (Perez EBT Tr) (Doc 164) and his affidavit (Perez aff) (Doc 167); the deposition testimony (Doc 165) and affidavit of Francis Skehan (Skehan) (Doc

---

[2] There also is no dispute that Perez was travelling alone.

**153580/2019 MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN**
**Motion No. 007**
**Page 3 of 11**

3 of 11

165) San Mateo's operational manager on April 29, 2017 (Skehan EBT Tr and Skehan Aff, respectively); San Mateo's work schedule and time sheets (the work schedule) for its employees, including Perez, for the period of April 27, 2017 through and including April 30, 2019 (Doc 168); and the police accident report (Doc 166). [3]

Deposition Testimonies and Affidavits

Perez's deposition testimony included the following. His job duties for San Mateo involved securing parking at the job sites of named defendants Con Edison Company of New York, Inc. and Con Edison, Inc. (collectively Con Ed); he characterized his job as "parking control" (Doc 164, at 23). San Mateo would call or text him to determine if he was available for work and send him to the location. "The only thing" San Mateo supplied him with were ten parking cones labelled with the Con Ed logo (*id.* at 38-39). Perez acquired on his own from a fellow employee, and used, a placard containing the name Con Ed Solutions, and acquired on his own a removable dome light, both as preventative measures to avoid getting tickets at job sites and to identify his vehicle as a work vehicle. As to acquiring the placard, he "was already in the job for like about a year" when he saw "another employee with" a "plaque" and he asked that employee where he got it from (*id.* at 52). He identified the other employee "as a "parker" (*id.* at 56). The employee said he made it himself "to try to avoid getting tickets" (*id.*). When Perez asked the employee if the employee could make it for Perez, the employee responded he had "an extra one he made himself" and that employee gave it to Perez (*id.*). Perez had the plaque "laminated somewhere" so "it wouldn't get wet" (*id.*). As to the removable dome light, Perez, when shown one of the photographs with a dome light on the roof of what appeared to be his vehicle and asked if the dome light was in the position as shown in the photograph, on the roof, Perez responded: "Yeah, it could have been, yeah, because it looks like it was, yeah" (*id.* at 48). Perez operated the removable dome light by switching

---

[3] Both plaintiffs and San Mateo rely on the police accident report, although the copy attached as an exhibit does not appear to be certified. While the court will consider the report in determining this motion, it makes no ruling on its admissibility.

**153580/2019 MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN**
**Motion No. 007**
Page 4 of 11

4 of 11

on a strobe light; he would be the one that would put it on the car roof and take it off (*id.* at 48-49).

Perez further testified at his deposition as follows. On April 28, 2017, he "was on [his] way home. Prior to heading home [he] had got off the job, [he] stopped to get something to eat, and then [he] started driving home" (*id.* at 45). Typically, his shifts with San Mateo were eight hours and "occasionally [he] would pull a double" (*id.* at 58-59). He was not on a double shift on April 28, 2017.

Perez attests to the following in his affidavit. He did not take the color photograph provided to his attorneys that appears to have been of his vehicle and appears to have been taken at the accident scene; he does not know who did. He "acquired the magnetic turret light that is shown in the photograph on [his] own" and it was not supplied to him by San Mateo or the other named defendants (*id.* ¶¶ 8-13). He "acquired the placard on his own," the various defendants did not supply it to him, and the "display of the placard was [his] attempt to prevent [his vehicle] from [being] ticketed or towed" (*id.* ¶¶ 19-24). At the time of the motor vehicle accident: (i) he "was not in the course of [his] employment for" San Mateo, (ii) he "was not working or engaged in any job-related assignment or activity for" San Mateo, and (iii) he "was not 'on the clock' for San Mateo (*id.* ¶¶ 14, 18, 29).

Skehan testified at his deposition as follows. He was the operational manager for San Mateo on April 29, 2017 and ran the business day to day (Doc 165 at 12). San Mateo was a subcontractor for Con Ed; San Mateo's only duties for Con Ed were that of "parking coordinator" (*id.* at 14). Con Ed would reach out to San Mateo when Con Ed wanted it to perform work, and Con Ed would give San Mateo the job locations that San Mateo would go to (*id.* at 15). San Mateo's workers would "place out cones and keep the site secured so that when the [Con Ed] trucks arrived to do their work they had parking spaces" (*id.* at 15).

Skehan further testified at his deposition as follows. San Mateo did not provide transportation to any of its employees to and from the work sites (*id.* at 23). All San Mateo employees needed a means of transportation to get to and from work sites (*id.*), but if someone did

**153580/2019 MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN**                    **Page 5 of 11**
**Motion No. 007**

not have their own vehicle that would not be a bar for employment (*id.* at 24). The only required and provided equipment for San Mateo's parking coordinator employees were "ten cones, safety vest, [and] and they were given a light wand as well "(*id.* at 32). At one or two o'clock in the morning on April 29, 2017, Perez "wasn't doing anything for us [San Mateo] at that time" (*id.* 88-89).

Similarly, in his affidavit Skehan attests that: on April 29, 2017, Perez "did not perform any work for San Mateo" and Perez "was not working or engaged in any" San Mateo "job-related assignment or activity once he completed his work at 8:23 PM on April 28, 2017" (Doc 158, ¶¶ 3, 7).

In his affidavit, Skehan attests that on April 28, 2017, Perez worked at "Grand Concourse and E. 171 Street" [in the Bronx], commenced his work as an employee of San Mateo at 12:08 p.m., and finished work at 8:23 p.m. (Doc 158, ¶¶ 2, 3). Additionally, Skehan attests that "San Mateo was not the owner of and has never been the owner of the vehicle" operated by Perez, and that San Mateo "did not provide Perez with the magnetic turret light, or the placard displayed in his car on April 29, 2017 (*id.* ¶¶ 5 & 6).

The Work Schedule and Police Accident Report

The work schedule lists Perez as having worked on April 28, 2017, from 12:08 p.m. to 8:23 p.m. The work schedule does not list Perez as otherwise working for San Mateo after 8:23 p.m. on April 28, 2017 or on April 29, 2017. Another employee is listed as working from 8:23 p.m. on April 28, 2017 until 9:58 a.m. on April 29, 2017. The police accident report states the accident occurred on April 29, 2017, a Saturday, at 02:08 a.m. The report describes the collision as follows: "Victim [decedent] was operator of a motorcycle. Operator of vehicle #1 (MCY) was traveling on the N/B Bruckner Expy in right center lane at high rate of speed at Country Club Road with a group of other motorcycle riders. Operator of Vehicle 1 (MCY) then struck right rear of vehicle #2 in right center lane. Victim was thrown of[f] motorcycle onto pavement and struck right side guardrail. Victim was pronounced DOA at 0222 hours by EMS..." (Doc 166).

Opposing Contentions

In counsel's affirmation in opposition (opp aff) (Doc 178), plaintiffs first argue that San Mateo fails to meet its prima facie burden, as it does not establish the absence of factual issues as to its liability and fails to negate the evidence to the contrary. Plaintiffs next argue that even if San Mateo's factual assertions that Perez was traveling home after his work shift ended are true, "and there is substantial evidence suggesting otherwise" (id. at 1), the motion should be denied because of certain factual issues.

Plaintiffs contend as follows. Perez was required to use his vehicle "to travel to and from his home to the various worksites to which he was assigned by San Mateo (id. at 1) and "was required to transport equipment to and from those worksites, which equipment was stored in the trunk" of his vehicle (id. at 2). "[W]hile Perez lived 16.5 miles from the worksite he left at 8:23 p.m. to drive to [his home] in Westchester County, stopping for 15 minutes for dinner, the Accident occurred six hours later after the end of his shift; a gap in time ignored" by San Mateo (id. at 2); despite the 6 hours' passage from the end of Perez's work site, his vehicle "remained in the Bronx, outfitted with emergency accessories, including a placard provided to him by another San Mateo employee and used by Perez for work related purposes" (id).

Plaintiffs then assert that "[t]his evidence raises numerous triable issues of fact" concerning: "the necessity of Perez's use of his personal vehicle in furtherance of San Mateo's business" (id.); "the reason he was operating" his vehicle "at the time and place" of the accident (id.); "the significant time-gap between the end of Perez's work shift and the occurrence of the [accident] during which time, contrary to Perez's claim that he was driving home, he remained in the Bronx while operating [his vehicle] outfitted with work-related, emergency accessories" (id.); and, the "true origin and function of the placard and roof-mounted dome light that were affixed" to his vehicle at the time of the accident" (id.). Plaintiffs argue that the "evidence raises credibility issues that cannot be resolved summarily" and "frames numerous issues for a jury to decide",

153580/2019  MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN
Motion No. 007

Page 7 of 11

7 of 11

including "whether Perez was, in fact," on his way home' as he claimed, or performing work for San Mateo" (*id.* at 5).

Plaintiffs attach as exhibits and rely upon, *inter alia,* a number of photographs of Perez's vehicle (Doc 180),[4] documents from Google Maps (Doc 181), the police accident report, and the deposition testimonies of Perez and Skehan. For example, relying on the photographs, plaintiffs assert that Perez's vehicle "was adorned with placards affixed to its windows, bore a roof-mounted dome light, indicating its use as an emergency vehicle, contained a plastic traffic barrier and, presumably, traffic cones in its trunk" (Doc 178 at 3). Plaintiffs assert that Perez testified that he used these accessories in the course of his job at San Mateo, and when in use, his vehicle constituted an emergency vehicle (*id.*). Plaintiffs assert that San Mateo required the employees to possess a vehicle to drive to and from the job site and transport cones, vest and light to each job site (*id.* at 10).

Additionally, plaintiffs point to Perez's deposition testimony that the placard was provided to him by a San Mateo employee, with plaintiffs asserting that the employee was not identified "to a sufficient degree that he can be excluded as a San Mateo principal or Perez's superior who was, when furnishing Perez the placard, acting in the scope of his employment" (*id.* at 3-4). Plaintiffs assert that "[a]s work-related accessories, the presence of the placard and roof light" at Perez's vehicle at the time of the accident " support the inference that Perez was, in fact, in the course of his employment at the time" (*id.*).

Plaintiffs further assert that the evidence refutes San Mateo's central contention that when the accident occurred at 2:08 a.m. on April 29, 2017, Perez was driving home from the worksite at Grand Concourse and East 171st Street in the Bronx he left earlier at 8:23 P. M. on April 28, 2017. They assert that "Perez's testimony, coupled with 'time sheets' offered by San Mateo [Doc 168] establish he remained in the Bronx for nearly six hours after the alleged end of his shift, while

---

[4] The court assumes for purposes of this motion that these photographs, which plaintiffs assert are authenticated, are admissible, but does not rule on whether these photographs have indeed been authenticated and are in admissible form.

153580/2019  MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN
Motion No. 007

Page 8 of 11

8 of 11

[* 8]

continuing to operate [his] vehicle outfitted with emergency, job-related accessories" (*id.* at 4). Plaintiffs assert that the timeline urged by San Mateo "is irreconcilably conflicted" (*id.*). They assert that Google Maps provide that 306 Hugenot Street is 13.5 miles from the worksite and approximately 7.3 miles from the Country Club Road exit on I-95, and Perez "would have reached his home in less than 30 minutes, long before 2:08 a.m. the following morning" (*id.* at 5). Plaintiffs point out that "San Mateo ignores this time gap, which frames numerous issues for a jury to decide, including whether Perez was, in fact "on his way home" as he claimed, or performing work for San Mateo, an eminently reasonable inference in view of the evidence" (footnote omitted) *id.* at 5.

San Mateo's Reply

San Mateo replies that it did meet its prima facie burden and plaintiffs' opposition is based on incorrect assertions as to San Mateo's burden, misrepresentations of the record evidence, unsupported factual assertions and inferences, and conjecture. For example, with respect to plaintiffs' assertion that an employee was required to use his vehicle to get to and from the work site and to transport the cones, vest and light to each job site, San Mateo points to the actual deposition testimony: employees were not required to obtain and use their own vehicle but just required to get to the work site, and San Mateo had people transport the equipment to the work site when the employees did not have a vehicle or a ride to get to the work site (Skehan EBT testimony at 24 & 97). So too, with respect to plaintiffs' unsupported assertion that Perez most likely engaged in San Mateo's business based on the amount of time Perez remained in the Bronx after his shift ended and did not proceed home, the undisputed and only admissible evidence is that Perez' did not work for San Mateo on April 29th and his shift ended on April 28th. Similarly, San Mateo asserts that plaintiffs' argument that Perez was in the course of his employment because he had in his own vehicle while traveling home, a placard and a dome light, is speculative and not based on admissible evidence. San Mateo additionally points to Perez's EBT testimony that he "wouldn't typically be driving around with the placard and the strobe light. Obviously that night [h]e did because, you know, [he] was going home" (Doc 164 at 67).

153580/2019  MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN                    Page 9 of 11
Motion No. 007

[* 9]                                        9 of 11

Discussion

Defendant San Mateo met its prima facie burden by demonstrating, through admissible evidence, that it is entitled to summary judgment dismissing the amended complaint and any cross-claims against it. It showed that the following material issues of fact are not genuinely in dispute: Perrez was driving his own vehicle; Perez was not required to own a vehicle for work; Perez was not working at the time of the accident, his work shift having ended the previous day; and, at the date and time of the accident, he was not acting in furtherance of any duties owed to San Mateo. Through the record evidence, defendants met their prima facie burden of demonstrating, as a matter of law, that defendants cannot be held vicariously liable for Perez's alleged negligence, as he was acting outside the scope of his employment and was not acting in furtherance of any duties owed to San Mateo (*see Riviello v Waldron*, 46 NY2d 297 [1979]; *Fein v Cook*, 152 AD3d 1168 [1st Dept 2017]); *Weimer Food Merchants, Inc. v Food Merchants, Inc.*, 284 AD 2d 190 [1st Dept 2001]).

In opposition, plaintiffs failed to defeat defendant's prima facie showing. Plaintiffs' contentions of disputed material facts are not based on admissible evidence. Expectations, speculation, surmise and mere conclusions are insufficient to defeat this motion, where movant met its prima facie burden. Further, and contrary to plaintiffs' arguments, a fair and complete reading of the record evidence does not support their arguments as to genuine remaining material issues of fact. To the extent, if at all, plaintiffs met their burden, San Mateo defcated that showing.

Based on the foregoing, San Mateo's motion for summary judgment is granted, and the amended complaint and remaining cross-claims, if any, are dismissed.

Accordingly, it is

ORDERED that the motion of defendant San Mateo Construction Corp. for summary judgment dismissing the amended complaint and any cross-claims against it is granted, and the Clerk is directed to enter judgment in favor of said defendant, without costs; and it is further

ORDERED that the action is severed and continued against the remaining defendant; and it is further

**153580/2019 MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN** **Page 10 of 11**
Motion No. 007

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court shall bear the amended caption; and it is further

ORDERED that counsel for the moving defendant shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's office, who are directed to mark the court's record to reflect the case caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's office shall be made in accordance with the procedures set forth in the *Protocol on County Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible on the "E-filing" page on the court's website address www.nycourts.gov/supctmanh).

This constitutes the Decision and Order of the Court.

_____3/25/2025_____
DATE

JAMES G. CLYNES, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

153580/2019  MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN
Motion No. 007

Page 11 of 11

11 of 11